## PEARCE v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. December 19, 1911. Rehearing Denied February 6, 1912.)

No. 2,270.

1. CRIMINAL LAW (§ 1166½*)—REVIEW—HARMLESS ERROR—RULING AS TO PEREMPTORY CHALLENGES.

A preliminary ruling in a criminal prosecution restricting the number of defendant's peremptory challenges, if erroneous, was harmless, where defendant makes no complaint that any juror that tried him was unfair or partial, or that any particular juror who tried him was objectionable to him, or would have been peremptorily challenged but for the ruling complained of.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1166½.*]

2. JURY (§ 135*)—PEREMPTORY CHALLENGES—NATURE OF RIGHT.

The right of peremptory challenge of jurors is one to reject, and not to select.

[Ed. Note.—For other cases. see Jury, Cent. Dig. §§ 599–606; Dec. Dig. § 135.*]

3. BANKS AND BANKING (§ 257*)—MISAPPLICATION OF FUNDS—EVIDENCE—CONTENTS OF BOOKS.

The cashier of a national bank is chargeable with knowledge of the books of the bank, and on a prosecution for willful misapplication of funds it was not error to allow the contents of the books to be proved.

[Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 257.*]

4. BANKS AND BANKING (§ 257*)—MISAPPLICATION OF FUNDS—EVIDENCE—INTENT.

On a prosecution of the cashier of a national bank for misapplication of the bank's funds by discounting worthless and unsecured notes for his own use, the only intent necessary to be proved was that he did the acts complained of purposely and designedly.

[Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 257.*]

5. BANKS AND BANKING (§ 257*)—MISAPPLICATION OF FUNDS—EVIDENCE—SOLVENCY OF DEFENDANT.

On such prosecution. it was immaterial whether the defendant believed himself solvent or insolvent: the real issue being whether he applied the funds to discount unsecured notes that he knew, or should have known, to be worthless.

[Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 257.*]

6. BANKS AND BANKING (§ 257*)—MISAPPLICATION OF FUNDS—EVIDENCE—REPUTATION OF MAKERS OF DISCOUNTED PAPER.

The general reputation of the parties who made the worthless notes or paper discounted was irrelevant.

[Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 257.*]

In Error to the District Court of the United States for the Northern District of Texas.

H. H. Pearce was convicted of willful misapplication of the funds of a national bank, and brings error. Affirmed.

H. E. Jackson, for plaintiff in error.
Wm. H. Atwell, for the United States.

Before PARDEE and SHELBY, Circuit Judges, and GRUBB, District Judge.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

192 F.—36

PER CURIAM. [1] The plaintiff in error complains that a preliminary ruling of the trial judge restricting the number of peremptory challenges to which he was entitled was erroneous; but he makes no complaint that any juror who tried him was unfair or partial, or that any particular juror who tried him was objectionable to him or would have been peremptorily challenged but for the ruling complained of. It follows that, if the ruling complained of was erroneous, it was harmless.

[2] The right of peremptory challenge of jurors is one to reject, and not to select. Hayes v. Missouri, 120 U. S. 68, 7 Sup. Ct. 350, 30 L. Ed. 578; Spies v. Illinois, 123 U. S. 131, 8 Sup. Ct. 22, 31 L. Ed. 80.

[3] The plaintiff in error was the cashier of the First National Bank of Robert Lee, Tex., and as such was chargeable with knowledge of the books of the bank, and it was not error to allow the contents of said books to be proved on the trial.

[4] In each of the two counts of the indictment on which the plaintiff in error was convicted, the charge is willful misapplication of the funds of the bank by discounting worthless and unsecured notes for his own use; and therefore the only intent necessary to be proved was that the plaintiff in error did the acts complained of purposely or designedly.

[5, 6] As a matter of law, it was immaterial whether the plaintiff in error believed himself solvent or insolvent. The real issue was whether the plaintiff in error applied the funds of the bank to discount unsecured notes that he knew or should have known to be worthless. The general reputation of the parties who made the worthless notes or paper discounted by the plaintiff in error was irrelevant.

From a careful examination of the charge of the trial judge and also of the requests to charge which were refused, we conclude that in the matter of instructions to the jury the plaintiff in error has no cause to complain.

In the record we find no reversible error, and the judgment of the District Court is affirmed.