## McNAMARA v. CERF.

(Circuit Court of Appeals, Second Circuit. December 8, 1924.)

No. 85.

**1. Exceptions, bill of ⊜⇒13—Bill containing colloquies of counsel and testimony in question and answer form does not require consideration.**

A so-called bill of exceptions, containing colloquies of counsel and testimony at length in question and answer form, does not require court to consider errors assigned.

**2. Contracts ⊜⇒313(1)—Renunciation by one party must be absolute and unqualified, to warrant other to sue for anticipatory breach.**

To entitle party to treat contract as ended because of other party's repudiation, and to sue at once for damages occasioned by such anticipatory breach, it must be shown that defendant's renunciation of the existing contract was absolute and unequivocal, and covered the entire performance to which contract binds promisor.

**3. Insurance ☞85—Insurance solicitor, having accepted commissions after employer's threat not to pay them, cannot sue for damages occasioned by anticipatory breach.**

Insurance solicitor, whose employer terminated employment and threatened not to pay renewal premiums earned by former, *held* not entitled to treat employer's renunciation as absolute, and sue for damages as occasioned by anticipatory breach, where employer, despite such threat, actually paid some renewal commissions, which plaintiff accepted.

In Error to the District Court of the United States for the Southern District of New York.

Action by Jacob C. McNamara, Jr., against Louis A. Cerf. Judgment was rendered for plaintiff for less than the amount claimed, and he brings error. Affirmed.

The defendant here and below, Cerf, is a general agent in the city of New York for a large and well-known life insurance company. He has numerous subordinate agents or "solicitors" working for him. Such subagents commonly work for Cerf under a uniform written agreement. Insurance solicitors usually work on commission and receive a large proportion of the first premiums paid by the persons whom they persuade to take out life insurance. They also receive for varying terms smaller proportions of the insured's renewal premiums.

The plaintiff, McNamara, had worked for Cerf, not as a solicitor, but he knew the customs of the trade. He expressed a desire to become a solicitor, was accepted, and had tendered to him the usual form of contract. He objected to it, and never signed it. McNamara's conference about this matter occurred with a subordinate of Cerf, who did not know that McNamara went to work as a solicitor without making any contract, other than that inferable from the fact that he was permitted to do solicitor's work. He procured a considerable number of contracts and then voluntarily quit Cerf's employment. After his departure he seems to have had some words with Cerf, who said that he (McNamara) would not get any renewal premiums. But he did in fact receive all the usual commissions upon his insured's first premiums, and even after leaving Cerf's employment he was shown by the evidence to have received at least one commission renewal. Almost at the time that he received this last money he brought this suit.

It is unnecessary to quote from his complaint, but, taking the language of that pleading, together with the statements of his counsel at trial, he declared merely upon a quantum meruit; i. e., he claimed recovery of the reasonable value of his services to defendant as solicitor for a period ending September 24, 1920, a date about three months prior to the last payment to him of renewal premiums. At trial plaintiff endeavored to show, first, how many insurance policies he successfully solicited for Cerf as general agent; second, what, on actuarial principles, was the present value on or about September 24, 1920, of his commissions on the renewal premiums according to some scheme for the payment of such commissions, concerning which scheme, third, he offered the evidence of other solicitors or "insurance brokers."

The trial court directed verdict in McNamara's favor for commissions at Cerf's usual rate on all renewal premiums paid to the date of trial. Plaintiff admitted receipt of all commissions on first premiums. To judgment accordingly plaintiff took this writ.

Hunt, Hill & Betts, of New York City (Joseph A. Barrett, of New York City, of counsel), for plaintiff in error.

Cardozo & Nathan, of New York City (Edgar J. Nathan and Michael H. Cardozo, Jr., both of New York City, of counsel), for defendant in error.

Before HOUGH and MANTON, Circuit Judges, and LEARNED HAND, District Judge.

PER CURIAM. [1] What is called a bill of exceptions in this record requires some notice. It is 118 printed pages long, of which at least 30 are wholly superfluous, in that they consist of colloquies between counsel—doubtless once important, but of no use on appeal. The remainder is in question and answer, although the legal result in several instances was that plaintiff offered certain testimony, which the court rejected. It seems to be necessary to remind the bar that rulings such as we made in Radford v. United States, 129 F. 49, 63 C. C. A. 491, and Linn v. United States, 251 F. 476, 483, 163 C. C. A. 470, have never been overruled or abandoned. We have examined this bill of grace, and not of right. We would be justified in declining to consider the errors assigned.

The meat of this legal nut, however, is very small. Argument at this bar has largely been devoted to the question whether plaintiff had the right to claim an anticipatory breach by Cerf in respect of renewal premiums and in so doing invoke the doctrine of Roehm v. Horst, 178 U. S. 1, 20 S. Ct. 780, 44 L. Ed. 953, in respect of the

amount of damages recoverable. We do not find it necessary to discuss this point in order to decide this case.

[2] Plaintiff never had with defendant any contract of a more formal nature than one inferable from the act of hiring. He was never discharged, but terminated his engagement of his own motion. He sued in the only way he could sue for the reasonable value of such services as he had performed. Assuming, but not holding, that the doctrine of anticipatory breach can be applied to a demand of this nature, it is always true that, before the doctrine can be invoked, it must be shown that the renunciation by the defendant of the existing contract must be absolute, unequivocal, and cover the entire performance to which the contract binds the promisor. This is fundamental; it is stated in substance in the Roehm Case, supra, and discussed at length when considering prematurity of suit in Dingley v. Oler, 117 U. S. 490, 502 et seq., 6 S. Ct. 850, 29 L. Ed. 984, and stated with many further citations in 13 C. J. 654.

[3] Plaintiff did not show any such complete renunciation by Cerf. On the contrary, the evidence shows that, after Cerf's alleged statement that he would pay no renewal premiums, he did actually pay some of them at least, and plaintiff accepted them. Having thus taken the benefit of what could have been offered to him only on the assumption of an existing and continuing contract, he is in no position to invoke the doctrine of law by virtue of which he could get any more than the amount awarded him by direction of the court.

Judgment affirmed, with costs