## HOFFMAN v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
May 9, 1927.

No. 7570.

1. **Criminal law** ⟷1119(4)—**Error urged to improper argument of counsel, apparently in reply to defendant's counsel, cannot be considered, where record does not contain argument of defendant's counsel.**

Improper argument of counsel will not be considered as ground for reversal, where argument of defendant's counsel is not preserved in record, and trial court's ruling makes it appear that objectionable argument was provoked or invited by opposing counsel.

2. **Criminal law** ⟷1186(4)—**Erroneous refusal in impaneling jury to permit inquiry as to juror's prior service within year held without prejudice (Judicial Code, § 269, as amended by Act Feb. 26, 1919 [Comp. St. § 1246]).**

Refusal of the court to permit defendant's counsel to inquire of jurors impaneled whether or not they had served at any other term of the court within a year, while error, *held* not ground for reversal, under Judicial Code, § 269, as amended by Act Feb. 26, 1919 (Comp. St. § 1246), where it was not shown that any juror had so served, and it appeared to the appellate court that defendant was not prejudiced.

3. **Poisons** ⟷9—**Charge of selling morphine and cocaine held supported by proof of sale of morphine hydrochloride and cocaine hydrochloride.**

Where the indictment charged illegal sale and possession of morphine and cocaine, evidence that the drugs were morphine hydrochloride and cocaine hydrochloride *held* not to constitute a fatal variance, which could have misled defendant.

4. **Poisons** ⟷9—**"Morphine" and "cocaine," as used in indictment, include morphine hydrochloride and cocaine hydrocloride.**

The terms "morphine" and "cocaine," used in an indictment, cover morphine hydrochloride and cocaine hydrochloride.

[Ed. Note.—For other definitions, see Words and Phrases, Morphine.]

In Error to the District Court of the United States for the District of Minnesota; Joseph W. Molyneaux, Judge.

Criminal prosecution by the United States against Lillian Hoffman, alias Lillian White, alias Lillian Weir. Judgment of conviction, and defendant brings error. Affirmed.

Donald G. Hughes, of Minneapolis, Minn. (Neil Hughes, of Minneapolis, Minn., on the brief), for plaintiff in error.

Lafayette French, Jr., U. S. Atty., and William Anderson, Asst. U. S. Atty., both of St. Paul, Minn., for defendant in error.

Before STONE and KENYON, Circuit Judges, and POLLOCK, District Judge.

KENYON, Circuit Judge. Plaintiff in error under various aliases was indicted in the District Court of the United States for the District of Minnesota on four counts charging violation of the so-called Harrison Anti-Narcotic Act (Comp. St. §§ 6287g–6287q). As she was acquitted on the first two counts of the indictment, consideration thereof is unnecessary. She was found guilty on the third and fourth counts. The third count charged that plaintiff in error, being a person required to register under the terms of the act of Congress approved December 17, 1914, unlawfully dealt in, dispensed, sold, and distributed to one Joe Gill certain derivatives and preparations of opium, to wit, morphine, without having registered with the collector of internal revenue for the district of Minnesota, and without having paid the special tax as required by said act of Congress. The fourth count charged plaintiff in error with unlawfully and feloniously having in her possession and under her control certain compounds, derivatives, and preparations of opium and coca leaves, to wit, morphine and cocaine, she being a person required to register under the provisions of section 1 of said act of Congress (Comp. St. § 6287g) as a person who dealt in, dispensed, sold, distributed, and gave away preparations of opium and coca leaves, and that she was not in fact registered.

Thirty-nine alleged errors are set forth in the assignment of errors. Some are not argued; hence waived. Braden v. United States (C. C. A.) 270 F. 441; Weare v. United States (C. C. A.) 1 F.(2d) 617. Those argued may for brevity be grouped where they relate to the same question. Following such grouping we are presented with five matters concerning which error in the trial is claimed: (1) Improper remarks of the assistant United States district attorney in his closing argument to the jury; (2) errors of the court in impaneling the jury; (3) variance between the indictment and the evidence; (4) insufficiency of evidence to warrant submission of the case to the jury; (5) constitutionality of the so-called Harrison Act.

[1] *Remarks of the Assistant District Attorney.*—Some objection was made to part of the closing argument of Mr. Anderson, assistant United States district attorney. The argument of counsel for plaintiff in error to the jury is not before us. The government insists that the parts of the argument objected to were in reply to the argument of plaintiff in error's counsel. Evidently the court

was of this opinion, for, when request was made by counsel for plaintiff in error of the court to instruct the jury to disregard certain remarks of Mr. Anderson's closing address, the court said: "Well, I will refuse that request, and say that I think that Mr. Anderson's argument is legitimately within the scope of proper argument." The trial court presumably had heard the arguments to the jury, and considered whatever was said of an objectionable nature was proper reply to the argument of plaintiff in error's counsel. The entire record not being before us, we are unable to say whether the remarks objected to under all the circumstances were improper and prejudicial.

[2] *Impaneling Jury and Challenges.*—That the court committed errors in not permitting plaintiff in error's counsel to ask the jurors whether they had served at any other term of the court within a year is apparent. Section 286 of the Judicial Code (Comp. St. § 1263) is as follows: "No person shall serve as a petit juror in any District Court more than one term in a year; and it shall be sufficient cause of challenge to any juror called to be sworn in any cause that he has been summoned and attended said court as a juror at any term of said court held within one year prior to the time of such challenge."

If the errors were prejudicial to plaintiff in error's rights it must work a reversal of the case. We assume, if it could have been shown that any of the jurors had served within the year, it would have been done. It has been certified to this court by the clerk of the United States District Court of Minnesota that the parties who served as jurors in this case had not been summoned to serve as petit jurors in that court during the three years next preceding the April, 1926, term thereof, which was the term at which plaintiff in error was tried. Whether this certificate is properly before the court may be doubted, but in any event no prejudice has been shown to have resulted from the rulings complained of. There is nothing to indicate that any juror was unfair or prejudiced. In Hill v. United States (C. C. A.) 15 F.(2d) 14, 16, this court said: "Attention may well be called to section 269 of the Judicial Code, as amended (40 Stat. p. 1181, c. 48 [Comp. St. § 1246]), which is much broader than section 1025, Revised Statutes [Comp. St. § 1691]. It provides: 'On the hearing of any appeal, certiorari, writ of error, or motion for a new trial, in any case, civil or criminal, the court shall give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties.'" See, also, Pearce v. United States (C. C. A.) 192 F. 561. We think these errors in no wise prejudiced the defendant or affected in any way her receiving a fair and impartial trial.

[3] *Variance.*—It is urged there is a fatal variance between the indictment and the evidence. The basis of this is that the third count of the indictment alleges the sale of morphine, when the evidence disclosed the sale of morphine hydrochloride, and the fourth count charges possession of morphine and cocaine, when the evidence showed morphine hydrochloride and cocaine hydrochloride. Plaintiff in error places much reliance on the case of Guilbeau v. United States (C. C. A.) 288 F. 731, 732 (Fifth Circuit). The indictment in that case was quite different from the one in the case at bar. There the indictment charged the sale of "certain derivatives and salts of opium, to wit, four grains of morphine sulphate," while the evidence showed a sale of four grains of morphine hydrochloride. The majority of the court held that "the description of one of the compounds in which morphine is a constituent element excludes all other compounds," and that the variance was fatal. Judge Walker dissented from this finding. It is interesting to note that the same court, in Williams v. United States, 294 F. 682, had before it an indictment somewhat similar to the indictment in the case we are considering, which charged selling "one-sixteenth of an ounce of morphine." The evidence showed that the drug was morphine sulphate, and was commonly known as morphine. The court held that this did not constitute a variance, and drew a distinction between the indictment in that case and the Guilbeau v. United States Case, supra. This court in Hughes v. United States, 253 F. 543, 545, where the question was raised that there was no evidence that morphine and cocaine were derivatives of opium and coca leaves, said it was a matter "of the definition or meaning of words long in common use, about which there is no obscurity, controversy, or dispute." In James v. United States (C. C. A.) 279 F. 111, 112, the court discussed the word "morphine," saying: "The word 'morphine' is in common use, and means a kind of drug covered by the statute. It was not necessary to adduce evidence to prove the meaning of the word, the meaning of which may be assumed to have been known to the jury." In McIntosh v. United States, 1 F.(2d) 427 (Seventh Circuit), a somewhat similar question arose, and the court reviewed Guilbeau v.

United States, supra, and held that a charge in the indictment that defendant sold morphine sulphate was supported by proof of a sale of morphine hydrochloride, a directly contrary holding to Guilbeau v. United States, supra. This court, in Mathews v. United States, 15 F.(2d) 139, 143, laid down the test of fatal variance as follows: "Was defendant misled? Will defendant be protected against a future proceeding?"

[4] The accused is entitled, of course, to be informed of the nature of the accusation, but as said in Meyers v. United States (C. C. A.) 3 F.(2d) 379, 380: "No variance ought ever to be regarded as material where the allegations and proof substantially correspond or where the variance was not of a character that could have misled the defendant on trial." The term "morphine," as used in the third count of the indictment, covers "morphine hydrochloride," and the terms "morphine" and "cocaine," as used in the fourth count of the indictment cover "morphine hydrochloride" and "cocaine hydrochloride." The tests laid down in Mathews v. United States, supra, are met by the situation here. Plaintiff in error was in no way misled. Plaintiff in error denied any sales whatever. She is sufficiently protected against a future proceeding for the same sales and the same possession. The objections that the evidence proved a different drug from that charged in the indictment are hypercritical.

*Sufficiency of the Evidence.*—There was evidence to show, if the jury believed it, that plaintiff in error sold morphine to one Gill on February 13, 15 and 17, 1926. This court has held that a single sale of a narcotic drug by a person not registered constitutes an offense under Harrison Anti-Narcotic Act, § 1, as amended (Comp. St. Ann. Supp. 1919, § 6287g). Greenberg et al. v. United States (C. C. A.) 285 F. 865. The evidence was ample also as to the possession of narcotic drugs as charged in the fourth count of the indictment.

*Constitutionality of the Harrison Anti-Narcotic Act.* The Supreme Court in United States v. Daugherty, 269 U. S. 360, 46 S. Ct. 156, 70 L. Ed. 309, seems to have invited a re-presentation of this question, and this court has in another case certified the question to the Supreme Court. We are, of course, bound by the decision of the Supreme Court in United States v. Doremus, 249 U. S. 86, 39 S. Ct. 214, 63 L. Ed. 493, that the act is constitutional, until such time as the Supreme Court may otherwise declare.

The judgment of the trial court is affirmed.