## ENGLISH v. UNITED STATES (two cases).

Circuit Court of Appeals, Eighth Circuit.
January 14, 1929.

Nos. 8195, 8196.

W. R. Ramsey, of Denver, Colo. (J. W. Kelley and J. D. Kelley, both of Denver, Colo., on the brief), for appellant and plaintiff in error.

Charles E. Works, Asst. U. S. Atty., of Denver, Colo. (George Stephan, U. S. Atty., of Denver, Colo., on the brief), for the United States.

Before VAN VALKENBURGH and COTTERAL, Circuit Judges, and REEVES, District Judge.

REEVES, District Judge. ▆ Convicted of violations of the National Prohibition Act (27 USCA), the appellant has brought the record of his trial to this court, both by appeal and writ of error. The former procedure was correct, as the Congress has abolished the writ of error.

The conviction was on three counts of an

information in six counts. The first count charged him with possession and the fourth and fifth counts with sales of whisky. He was acquitted by the jury on the second, third, and sixth counts. The last count charged him with the maintenance of a nuisance, and the second and third with sales.

Upon the verdict of the jury, the court imposed a fine of $500 on the first count, and sentenced him to terms of imprisonment of six months each on the fourth and fifth counts, to be served consecutively. Two witnesses for the government testified that they bought a pint of whisky of the appellant on two different dates, to wit, November 2 and November 10, 1927, at a place described as 116 West First street in the city of Pueblo, Colo. This evidence supported exactly the averments of the information to the effect that on those two dates and at the same place the defendant possessed and sold whisky. The evidence thus adduced by the government was denied by appellant. He was corroborated in his testimony by one David Lamb, who had been jointly charged with him. Lamb had previously entered a plea of nolo contendere to the charge. Other pertinent facts will be stated in the course of the opinion.

■ 1. Appellant's complaint, that evidence of the reputation of the premises mentioned in the information was improperly admitted, need not be noticed, for the reason that appellant was acquitted on the count which charged him with the maintenance of a common nuisance.

■ 2. In the cross-examination of one of the government's witnesses, the court sustained an objection to an inquiry whether the witness had bought drinks from parties other than defendant on November 10, 1927. In sustaining the objection, however, the court advised counsel that he could pursue the inquiry as to the number of drinks the witness may have had on that date. This complaint is wholly without merit. It was immaterial whether other parties had sold liquor to the witness on the date alleged in the information.

■ 3. Appellant testified that his wife owned the premises described as 116 West First street, but that she rented same through the agency of "a real estate man." Counsel for the government then asked him, "How long is it since you have been operating your—?" Objection was made before the question was finished, that this was improper cross-examination, and, being overruled, appellant assigns error. In view of the previous testimony of appellant and the incompleteness of the question, the court finds no just basis for complaint. It was not prejudicial. Moreover, defendant admitted that he had previously operated the place, contrary to his evidence in chief that he had heard that his wife was "in control."

■ 4. Appellant also complains that the court erroneously sustained an objection to the following question: "Would it be possible for Sam English to obtain from the city of Pueblo a license under the name of Tom Burke?" The court properly ruled that this inquiry of the witness called for a conclusion.

■■ 5. The complaint that the court should have admitted a city license as evidence of the number of pool and billiard tables located in the above mentioned premises is also without merit. This was an immaterial circumstance, and, moreover, as stated by the court, the license would not be the best evidence as to the number of pool and billiard tables actually in the premises. In like manner, the court committed no error in sustaining an objection to an inquiry of appellant's counsel as to whether persons other than the owners of premises might be able to obtain licenses from the city authorities for the purpose of operating soft drink stands.

■ 6. Appellant, in his brief, makes specific complaints against several parts of the charge to the jury. An examination of the record discloses that at the completion of the charge the court said: "Are there any exceptions to the charge to the jury?" Mr. Barbrick: "Let the record show that the defendant interposes an exception to each and every charge."

Under the rules and decisions of this court, such an assignment of error need not be considered. Robilio et al. v. United States (C. C. A.) 291 F. 975; Davis v. United States (C. C. A.) 9 F.(2d) 826. There is nothing to bring the case within the exceptions noted in Lamento v. United States (C. C. A.) 4 F.(2d) 901. Moreover, the reading of the charge shows that it was a proper statement of the law to the jury, and that there was nothing prejudicial to the appellant therein.

This appeal is wholly without merit, and the judgment and sentence of the trial court should be affirmed.