## MURPHY v. UNITED STATES.
### No. 8646.

Circuit Court of Appeals, Eighth Circuit.
March 8, 1930.

Walter F. Maley, of Des Moines, Iowa, for appellant.

Ross R. Mowry, U. S. Atty., of Newton, Iowa, Frank F. Wilson, Asst. U. S. Atty., of Mount Ayr, Iowa, and Ray C. Fountain, Asst. U. S. Atty., of Des Moines, Iowa.

Before STONE and BOOTH, Circuit Judges, and REEVES, District Judge.

REEVES, District Judge.

The appellant was convicted on count 3 of an information in four counts, which charged him with violations of the National Prohibition Act (27 USCA). In said third count it was charged that he made a sale of "about four bottles of near beer spiked with alcohol" on August 2, 1928.

The evidence on the part of the government tended to show that late in the evening of the day of the alleged sale one E. G. Stravos and wife, in company with J. H. Searles, a government agent, and Miss Luella Busby, a stenographer in the Prohibition Department, went to the place of business conducted by the appellant and "ordered four bottles double spiked beer," for which appellant was paid $3.20.

Stravos said he tasted the contents of the four bottles, and that from his experience as a former prohibition agent he expressed the judgment that said bottles contained alcohol. Stravos kept said four bottles without change, as samples, until the next day, when he delivered them to agent Searles. At that time bicloride of mercury was put in each bottle for the purpose of stopping further fermentation. The bottles were locked in a safe by Agent Searles until he turned them over to another prohibition agent for shipment to a government chemist in Chicago. The bottles were sealed, carefully packed, and shipped by express. The contents were examined by the government chemist, who again sealed them and shipped the bottles back to the agent at Des Moines. The chemist's testimony showed that the alcoholic content of each bottle was within the prohibitions of the law.

During the closing argument to the jury, Mr. Wilson, an assistant United States district attorney, went outside the record in arguing in favor of the credibility of the witness Stravos. Upon objection to such argument, Mr. Wilson said: "What I am about to say is in answer to the argument made by counsel in his remarks to the jury which has not been reported, but to which I now make reply." Whereupon the court

said: "And the Court says you are warranted in saying anything you want to in his defense after what counsel said against him." Mr. Wilson then praised the record of Stravos as a former soldier, and upon that ground appealed to the jury to believe his testimony.

Appellant's counsel objected to this line of argument, and, being overruled, duly saved an exception. He also objected to the introduction of the four bottles, with contents alleged to have been purchased from appellant on August 2d, and which constituted the basis of the prosecution on count 3. Such objection was made on the ground that the evidence was "incompetent * * * no proper foundation laid for the introduction of said exhibits in evidence. No proper identification made of said exhibits."

On this appeal appellant complains of the reception of said exhibits in evidence and of the alleged improper argument of the assistant district attorney. Other complaints are made, but, in the opinion of the court, no proper foundation was laid for their consideration. Other facts will be stated in the course of the opinion.

■ 1. The exhibits offered and to which appellant made objection were purchased according to the evidence from appellant on the evening of August 2d. Stravos testified that said exhibits were kept in his possession without change until the next day, when same were delivered to the witness Searles. The latter witness said that he kept the bottles locked in the safe until they were turned over to the witness Cooper for shipment to the chemist at Chicago. The exhibits were then sealed, carefully packed, and sent by express to the chemist at Chicago, who found the bottles sealed. The contents were analyzed, and again the exhibits were sealed and returned to government agents at Des Moines, where they were kept until used at the trial.

The evidence tended to show that there was no tampering with said exhibits, and that the opportunity to do so was extremely meager. It was within the discretion of the court to admit the evidence. J. R. Hanify v. Westberg (C. C. A.) 16 F.(2d) 552; 22 C. J. § 864, p. 766. Moreover, the witness Stravos testified that he had tasted the contents and expressed the judgment that each one contained alcohol.

According to the evidence of the government's witnesses, appellant took the order "for four bottles of double spiked beer,"

414

for which $3.20 was paid. This evidence should be considered in connection with the discretion of the trial court in admitting the exhibits. The trial court committed no error in admitting the exhibits in evidence.

■ 2. No record was made of the argument of appellant's counsel to the jury. This court must indulge the presumption in view of the remarks of the trial court, upon objection, that the argument of the assistant district attorney was proper reply to appellant's counsel. Without the whole record of the two arguments, the court would be unable to say whether the remarks of the assistant district attorney were improper and prejudicial. Hoffman v. United States (C. C. A.) 20 F.(2d) 328; Christensen v. United States (C. C. A.) 16 F.(2d) 29, loc. cit. 31; Dimmick v. United States (C. C. A.) 135 F. 257.

■ 3. Appellant complains also of the instructions of the court. At the conclusion of the court's charge to the jury, the court said: "Have counsel any suggestions?" Whereupon appellant's counsel replied: "I believe your Honor overlooked instructing the jury as to reasonable doubt." After giving a further charge on that subject, the court then said: "Are there any further suggestions from counsel?" Whereupon appellant's counsel replied: "No suggestions, your Honor, but I would like the record to show a general exception to the charge of the Court."

Under repeated holdings of this court, such an exception is insufficient to secure a review of the court's charge. English v. United States (C. C. A.) 30 F.(2d) 518, loc. cit. 519; Dawson v. United States (C. C. A.) 10 F.(2d) 106, loc. cit. 109; Burns v. United States, 274 U. S. 328, loc. cit. 336, 47 S. Ct. 650, 71 L. Ed. 1077.

■ 4. In like manner it is unnecessary to notice appellant's complaint of the alleged insufficiency of the evidence. Appellant did not challenge its sufficiency either at the close of the government's evidence or at the close of the whole case. Under such circumstances there is nothing before this court for consideration. Rossi v. United States (C. C. A.) 9 F.(2d) 362, loc. cit. 365; Feinberg v. United States (C. C. A.) 2 F. (2d) 955, loc. cit. 956.

The record is free of prejudicial error. The judgment is affirmed.

BOOTH, Circuit Judge, concurs in the result.