**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Arvil Sutton HOPKINS, Defendant-
Appellant.**

**No. 71-3281
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

April 27, 1972.

Charles W. Stephens, Telford, Stewart & Stephens, Gainesville, Ga., for defendant-appellant.

John W. Stokes, Jr., U. S. Atty., Robert L. Smith, George H. Connell, Jr., Asst. U. S. Attys., Atlanta, Ga., for plaintiff-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

Arvil Sutton Hopkins was charged in a three count indictment with possessing an unregistered still, 26 U.S.C. § 5601 (a) (1); carrying on the business of a distiller without having given bond, 26 U.S.C. § 5601(a) (4); and assaulting a federal officer with a dangerous weapon. He was acquitted by a jury of the assault charge but was convicted on the

* [1] Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co of New York et al, 5th Cir. 1970, 431 F.2d 409, Part I.

remaining counts and sentenced to eighteen months imprisonment. We affirm.

 Hopkins raises two points on appeal. He first contends that the failure of the trial court to administer the oath to the jury until after the government had presented its case was reversible error. No objection was made to the tardy swearing of the jury and the trial continued. Neither party has cited, nor has our research revealed any federal case in which a similar problem has arisen.[1] However, our review of various state decisions reveals that other courts have held such claimed error to be harmless.[2] We are in full agreement. No prejudice has been shown by the delayed swearing of the jury, no objection was made, and the oath was administered before the jury retired to begin its deliberations. Given all of these circumstances, any error was clearly harmless.

▇ Hopkins second contention is that the evidence was insufficient to justify the conviction for possession of an unregistered still. However, Hopkins failed to move for acquittal at the close of all the evidence. In such a case our review of the sufficiency of the evidence is limited to a determination of whether there has occurred a "manifest miscarriage of justice."[3] We have held that such a miscarriage would exist only if it appears that the record is "devoid of evidence pointing to guilt."[4] Upon a

careful review of the record, giving particular attention to the deficiencies in the evidence alleged by Hopkins, we are convinced that the evidence before the jury was not such as to render the guilty verdict a manifest miscarriage of justice.

Affirmed.

1. *See generally* Lowenstein v. Federal Rubber Co., 85 F.2d 129 (8th Cir. 1936) (departure from impaneling procedure not reversible error where no prejudice shown).

2. Garner v. State, 206 Ala. 56, 89 So. 69 (1921) (no reversible error where oath administered after evidence introduced but before jury retired and no objection made to failure of court to swear jury at an earlier time) ; Stark v. State, 133 Miss. 275, 97 So. 577 (1923) (in a capital felony case swearing of jury after state had presented its evidence and over objection of the defendant not reversible error because oath was administered before jury retired to consider verdict) ; State v. Frazier,

339 Mo. 966, 98 S.W.2d 707 (1936) (where record shows jury was sworn during progress of trial and before they began to deliberate error is not fatal and is waived if defendant fails to object). *See also* State v. Mayfield, 235 S.C. 11, 109 S.E.2d 716 (1959) (bare allegation that jury was not sworn insufficient to overcome presumption that jury was sworn and in any event failure to object precludes raising issue on appeal).

3. United States v. Haney, 429 F.2d 1282 (5th Cir. 1970) ; Whatley v. United States, 428 F.2d 806 (5th Cir. 1970).

4. United States v. Wright, 427 F.2d 1179 (5th Cir. 1970) ; Moomaw v. United States, 220 F.2d 589 (5th Cir. 1955).