# LOUISVILLE & NASHVILLE RAILROAD CO. *v.* TROUT.

1. The credibility of a witness is solely for the jury's determination.  A charge that the improbability of the testimony of the plaintiff (who was the only witness who testified to an essential element of his alleged right to recover) would not ·in itself be sufficient to "impeach him," when considered· in connection with its context, was subject to be understood by the jury as an instruction that an inherent weakness in particular testimony would not of itself justify the jury in refusing to believe it, and was prejudicial error.
2. An omission to instruct the jury on the mathematical process of reducing a given sum payable in the future to its present worth, in the absence of an appropriate request, is not ground for a new trial.

DECEMBER 12, 1913.

Action for damages.  Before Judge Fite.  Gordon superior court. December 9, 1912.

*D. W. Blair* and *O. N. Starr,* for plaintiff in error.

*J. G. B. Erwin* and *Sam P. Maddox,* contra.

EVANS, P. J.  The plaintiff obtained a verdict for injuries alleged to have been negligently inflicted by the railroad company in the running of its cars over a public-road crossing.  ·The court refused a new trial, and the defendant brings error.

1.  Exception is taken to this excerpt from the court's instruction to the jury:  "In this connection I charge you that if a wit-

ness swear to an improbable story, that in itself would not be suffi-
cient to impeach him, but slight circumstances in conflict there-
with might or might not be sufficient to authorize a jury to dis-
believe his testimony, as the jury might determine from all the
facts and circumstances proven in the case. But if a witness swear
to an impossible story, then the jury will be authorized to disregard
his testimony entirely without any conflicting evidence other than
the circumstances surrounding his story." Before giving the
quoted excerpt the court charged the jury that "the right of the
plaintiff to recover at all depends mainly upon his testimony."
The plaintiff testified, that as he was passing over the railroad
track at a public crossing the heel of his shoe was caught between
a rail and a piece of timber used as a flooring for the crossing, and
just as he extricated his foot and before he could get out of reach
of the engine he was struck and violently hurled against a post
about twenty feet distant, where he was found in an unconscious
condition; that the locomotive which hit him was running about
thirty miles per hour; that he received no external bruises, but
only internal injuries from which he suffered at the time of the
trial. The employees in charge of the train which was alleged to
have struck him denied all knowledge of the plaintiff being hit by
the train, and no other witness was produced who testified to seeing
the incident. Under our system of procedure the jury are the sole
judges of the credibility of witnesses, and it is for them to pass
upon the probability or improbability of the testimony. The court
should refrain from characterizing any testimony as improbable
and defining its probative value. The purport of this charge is
that the improbability of the testimony of the plaintiff (who was
the only witness who attempted to fix a liability on the defendant)
was not sufficient ground for the jury to disregard it as being un-
true. The court was not charging on the subject of impeachment
of witnesses, but on the credibility of witnesses. Though he used
the word "impeach," yet in its context it could not have been un-
derstood by the jury otherwise than as having reference to the in-
trinsic merit of the plaintiff's version of the manner of receiving
his alleged injuries. The defendant produced the physician called
in by the plaintiff within a short time after his alleged injury, who
testified that he found the plaintiff in bed, resting easy, with
normal temperature and pulse, and with no visible signs of ex-

ternal injury. Another physician saw the plaintiff the next morning after the alleged injury, and testified that he examined the plaintiff, that his temperature, respiration, and pulse were normal, and that he found no bruises or skin abrasions indicating any injury to his person. Under such circumstances it was error for the court to inform the jury in substance that an improbable story did not carry its own refutation; that it did not "impeach" itself. The case was tried on a former occasion, and, on review substantially the same charge was pronounced erroneous. 138 *Ga.* 324 (75 S. E. 328). In pointing out the error it was suggested that probably the judge had in mind the impeachment of witnesses, and used the word "discredit" in that sense. It was not intended that the substitution of the word "impeach" for the word "discredit" would cure the error. As already pointed out, this charge related to the force and credit to be given to testimony of an improbable occurrence. The jury is the sole judge of the truthfulness of such testimony; they may decline to believe it on account of its own inherent weakness. The charge deprives the jury of this right, and is prejudicial to the losing party.

2.   Complaint is also made that the court omitted to give in charge to the jury the mathematical process of reducing a sum payable at a future time to its present worth. Jurors are selected from the enlightened and intelligent citizens of the community, and there is no presumption of their inability to solve a mathematical problem of this kind. If a party is distrustful of a jury's ability in this regard, a timely written request, accurately stating the rule, should be made.

Other assignments of error are not meritorious.

*Judgment reversed.   All the Justices concur.*