## 18331, 18332. HUDSON *v.* CARTON.

1. "Where in a civil case the judge, in stating the contentions of the parties, fully and fairly submitted the issues raised by the pleadings in the case, the failure of the court, in the absence of a request, to instruct the jury upon a contention of one of the parties not raised by the pleadings, although supported by some evidence in the record, is not cause for a new trial."

2. The court did not err in the instructions set out in grounds 7 and 8 of the motion for a new trial.

3. "An omission to instruct the jury on the mathematical process of reducing a given sum payable in the future to its present worth, in the absence of an appropriate request, is not ground for a new trial."

4. The statute limiting the speed of motor-vehicles approaching a sharp curve to not exceeding 10 miles per hour contains no exception in favor of police officers.

DECIDED JANUARY 11, 1927.

Damages; from Fulton superior court—Judge Pomeroy. June 18, 1927.

Motor Vehicles, 42 C. J. p. 931, n. 31.
New Trial, 29 Cyc. p. 791, n. 15.

Application for certiorari was made to the Supreme Court.

*T. J. Lewis,* for plaintiff in error.

*G. Seals Aiken, J. Ralph McClelland,* contra.

BLOODWORTH, J. In *McLean v. Mann,* 148 *Ga.* 114 (2) (95 S. E. 985), it was held: "Where in a civil case the judge, in stating the contentions of the parties, fully and fairly submitted the issues raised by the pleadings in the case, the failure of the court, in the absence of a request, to instruct the jury upon a contention of one of the parties not raised by the pleadings, although supported by some evidence in the record, is not cause for a new trial. *Martin v. Nichols,* 127 *Ga.* 705 (56 S. E. 995); *Cordele Sash &c. Co.* v. *Wilson Lumber Co.,* 129 *Ga.* 290 (2) (58 S. E. 860); *Hewett* v. *Lamb,* 130 *Ga.* 709 (2) (61 S. E. 716, 14 Ann. Cas. 800)." This ruling disposes of special grounds 4, 5, and 6 of the motion for a new trial. The contentions made in these grounds were not made in the pleadings and rested only on evidence introduced on the trial.

2. The court did not err in charging that "upon approaching any sharp curve the operator of a motor-vehicle or motorcycle shall at all times have said vehicle under immediate control, and shall not operate said vehicle at a greater rate of speed than 10 miles per hour." This charge is alleged to be error "because the law with respect to the speed of an automobile in approaching a sharp curve is not applicable to city streets." No municipal ordinance was introduced in evidence. Section 2 of the act of 1921 (Ga. L. 1921, p. 256) is sufficient authority for the charge given. We are not unmindful that the Supreme Court in *Shannon* v. *Martin,* 164 *Ga.* 872 (139 S. E. 671), held that the words "intersecting highways," as used in this paragraph, do not apply to interesecting streets, but the reasoning by which the Supreme Court reached that conclusion does not apply to the words "sharp curve," and that decision has no bearing on this ground of the motion. Nor did the court err in charging: "The court instructs you that the State law that I have read to you is applicable to police officers as well as to civilians, and that there is no exemption or exception applying to any police officer under the provisions of the State law." The law involved in this case has no exceptions in favor of police officers. In charging the jury the judge must charge the law as it is written. Moreover, this court could refuse

to consider these grounds, as they are both incomplete, and each requires reference to other parts of the record to ascertain what "law" is referred to therein.

3. The 2d headnote in *Louisville & Nashville Railroad Co.* v. *Trout,* 141 *Ga.* 121 (80 S. E. 622), is as follows: "An omission to instruct the jury on the mathematical process of reducing a given sum payable in the future to its present worth, in the absence of an appropriate request, is not ground for a new trial." Under this ruling there is no merit in the contention that the court failed to give any rule or method by which the jury could reduce any recovery found to its present cash value. Nor is this charge error for any other reason assigned.

4. Special grounds 10, 11, and 12 are based upon the proposition that "the violation of a speed ordinance of a city can not be charged against a police officer in pursuit of an escaping violator of the law," that it is his duty to arrest all who violate the law, and in the performance of this duty he has "many privileges not accorded to the private individual," and that when in pursuit of a violator of an ordinance of the city he can not be charged with a violation of the State law or an ordinance of the city. No ordinance of the city of Atlanta is referred to that supports this contention, and there is no exception or provision in the State law that would support it.

5. The court did not err in overruling the motion for a new trial.

*Judgments affirmed. Broyles, C.J., and Luke, J., concur.*