## INDEMNITY INS. CO. OF NORTH AMERICA v. MOSES.

Circuit Court of Appeals, Fifth Circuit.
November 25, 1929.

No. 5624.

William Lipscomb, of Dallas, Tex. (Seay, Seay, Malone & Lipscomb, of Dallas, Tex., on the brief), for appellant.

H. J. Yarborough, of Dallas, Tex. (White & Yarborough, of Dallas, Tex., on the brief), for appellee.

Before BRYAN and FOSTER, Circuit Judges, and DAWKINS, District Judge.

BRYAN, Circuit Judge. This was a suit under the Texas Workmen's Compensation Act (Rev. St. Tex. 1925, art. 8306 et seq., as amended) by an employee against an insurance company which was his employer's insurer to recover the indemnity imposed by the act for total permanent disability.

At the close of the evidence, the employee, in response to an inquiry from the court, through his counsel stated that he elected to recover the total indemnity or nothing. In its charge the court withdrew from the consideration of the jury any right of the employee to recover for any degree of disability less than total and permanent, and refused the insurer's request for a special verdict as to whether the disability was partial and temporary. There was a verdict and judgment for the employee for the full amount sued for; and the insurer appeals, assigning the above-mentioned charge and denial of its request to charge as error.

The employee, since he did not claim less than full indemnity in his petition, took the chance of failing to recover anything in the event the jury should find that the disability was partial or temporary. Ordinarily a party who sues has the right to plead his own case, and is not permitted to recover on any cause of action which he does not assert. There does not seem to be anything in this Compensation Act that changes the general rule. It was argued by appellant that the jury was more likely to award full indemnity when faced with the alternative of finding against appellee outright. But the same argument could be advanced in almost any case. However, there was no exception taken to that part of the charge which submitted the question of total and permanent disability, but instead appellant's request was to require a special verdict under the state practice. A federal District Court is not required by section 914 of the Revised Statutes (28 USCA § 724) to direct the jury to find a special verdict, but, notwithstanding that section, has authority to instruct the jury to return a general verdict. Indianapolis, etc., Railroad Co. v. Horst, 93 U. S. 291, 299, 23 L. Ed. 898. If appellant, as it insists, also requested orally charges on the subject of partial or temporary disability, it still presents nothing here for review. An oral request merely to charge on an issue in a case is not sufficient basis for an assignment of error in a federal appellate court; but, in order to save a valid exception, it is essential to submit a request to charge in definite form. Southern Ry. Co. v. Shaw (C. C. A.) 86 F. 865, 871; Tennessee, etc., R. R. Co. v. Drake (C. C. A.) 276 F. 393.

The judgment is affirmed.