### DALLAS RY. & TERMINAL CO. v. SULLIVAN.
### No. 9190.

Circuit Court of Appeals, Fifth Circuit.

Jan. 6, 1940.

Rehearing Denied Feb. 7, 1940.

582

Allen Charlton, of Dallas, Tex., for appellant.

W. E. Johnson and W. L. Oliphant, both of Dallas, Tex., for appellee.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit was for damages for personal injury. The claim was that plaintiff, while riding a bicycle on a street in Dallas, was struck and seriously injured, as a result of the negligent operation of defendant's bus. The defense was, (1) a denial of each and every of the grounds of negligence charged, and that any of them was the proximate cause of the collision; (2) an affirmative plea that plaintiff was himself contributorily negligent; and (3) that plaintiff changed the course of his bicycle just before the collision, without giving notice of his intention to do so, and thus himself caused the injury.

There was a verdict for plaintiff for $35,000, a suggestion of the court that the verdict was excessive to the amount of $17,500, a remittitur entered by the plaintiff, of that amount, and a judgment for $17,500. Defendant, appealing from this judgment, presents eight assignments of error. One and two, are to the failure of the trial court to define "new and independent cause." Three, four and five, are to the failure to submit special issues. Six complains that the court did not, prior to the arguments to the jury, inform counsel of its proposed action upon the written requests for charges. Seven insists that the verdict manifested passion and prejudice and should rather have been set aside, than reduced. Eight assigns error on the argument.

Disposing of them in inverse order, we overrule as wholly without merit, assignment eight, complaining of the argument as to the bus driver's inexperience in driving, as improper. No error can be charged to the court in respect of it, for at defendant's request, and over appellee's objection[1] the court instructed the jury not to consider it. Cf. Maryland Casualty Co. v. Reid, 5 Cir., 76 F.2d 30. Likewise, with reference to the seventh assignment, it is not necessary for us to determine whether appellant is right in its contention, that the verdict for $35,000 was excessive, or appellee, that it was amply supported by the evidence. For, no claim is made, nor indeed, could any be, that the record does not amply support the verdict as reduced by remittitur.

---

[1] Pointing out that; the evidence of Cooper's inexperience came in without objection and his argument strictly followed the evidence, plaintiff insists that it was erroneously withdrawn from the jury's consideration. Cf. Southwestern Bell Telephone Co. v. Ferris, Tex.Civ. App., 89 S.W.2d 229.

Under these circumstances and in view of the fact appearing of record, that the case has been several times tried, we think it plain that in suggesting a remittitur and in entering judgment on it, there was no abuse, but rather a wise use of, judicial discretion, and that the seventh assignment must be overruled.

■ The sixth assignment, "The court erred in not indicating prior to the beginning of the argument which of the special charges would be given," proceeds we think, upon a misconception of the nature and operation of the rule and as to what the record shows. The rule is not designed to, it does not, make an affirmative showing, that the Judge did inform counsel, essential to the validity of a trial. It is designed to afford counsel an opportunity to know in advance of the argument, the guiding principles under which the argument should be made. It will be presumed in the absence of a showing to the contrary, that the rule was complied with, and that counsel did not begin his argument until sufficiently advised to enable him to properly conduct it. The record contains no contrary showing. All that there appears, is this. Mr. Charlton, for the defendant, submitted some special issues to the court, whereupon the jury was retired and a colloquy occurred between court and counsel, after which, there was an adjournment to the morning following. At that time, Mr. Ford, for defendant, asked, "Will your Honor give us an idea which one of the special charges your Honor will give?" And the court replied, "I gave you that time last night." No further request was made, no objection was raised, nothing was done to indicate that counsel was not fully satisfied. Certainly we cannot assume, in view of the plain language of Rule 51, Rules of Civil Procedure, for District Courts, 28 U.S.C.A. following section 723c, and this showing in the record, that defendant's counsel were not fully advised of the court's proposed action. Nor can we, in view of Rule 61, Rules of Civil Procedure and of Section 391, 28 U. S.C.A., assume on this record, that there was prejudicial error.

■ Appellant's assignments, three to five, on the failure of the trial court to submit special issues to the jury, must be overruled. The case having been submitted on a general charge, and not, under Rule 49, on special issues, defendant may not complain that the special issues it requested were not submitted. Especially may it not do so, since it clearly appears that defendant knew, that the case was to be submitted on a general charge, and filed and had given several written requests for instructions, in connection with such a submission.

■■ There remains for consideration, only the first two assignments upon the failure of the court to define "new and independent cause." In view of the earnestness and vigor of appellant's counsel, in pressing these assignments, we have carefully and painstakingly read all of the Texas Cases he cites, and many of the cases those cases cite, to determine, if we can, the rule in the Texas Courts, whether compliance with it required the giving of the instruction appellant contends for, and whether, if it did, the failure to give it can be assigned as error here. Confusing and confused, as the statement and application of the rule seem to us to be when the mass of conflicting decisions, as to what is a "new and independent cause," as to when it appears in a case, and as to when it must be submitted as an issue, are read and examined, we think it clear that if the Texas Rule applied here, there was no breach of it. Young v. Massey, 128 Tex. 638, 101 S.W.2d 809, 810. For, here as in that case, "If the evidence on behalf of [the defendant] is to be believed, [plaintiff's] bicycle slipped in some way, and he was thereby thrown under * * * the truck. If the evidence on behalf of [plaintiff] is to be believed, [he] was struck by the truck and knocked down. Such a record simply presents a question as to how the accident happened. There is no issue as to whether some separate and independent agency intervened." But, if we are mistaken, as to the Texas Rule and its application to these facts, if this were a case tried in the State Courts, appellant still could not prevail. For the Texas Special Issue Statute, and the decisions under it as to the manner of submission of the issues of negligence and proximate cause, of "new and independent cause," and of unavoidable accident, and all questions of preserving and assigning errors, and whether an error is harmless or reversible, are matters of procedure, and in regard to such matters, this court is governed by the rules of practice and procedure in the Federal Court rather than by those in the State Court.

■ Under Federal Rules, of practice and procedure, appellant's assignments, one and two, must be overruled. First, because one complaining of the refusal to give a charge must be prepared to show that he requested it in writing, Indemnity Insurance Co. of North America Co. v. Moses, 5 Cir., 36 F.2d 219; Rule 51, Rules of Civil Procedure, and, appellant did not do this. His only written request embodying a definition of "new and independent cause," was in connection with his request for special issues, which passed out of the case with its submission on a general charge. But, if we should waive its failure to file a written request, appellant would fare no better. Its whole complaint on this score, in the light of the way its case was actually submitted, is mere dialectic. For, as was done, in the Texas case of Young v. Massey, supra, the District Judge, in submitting the issue of plaintiff's turning into the bus, the issue around which appellant centers all its contentions for the charge on "new and independent cause," avoided metaphysical disquisitions, and submitting it directly, submitted it far more favorably to the appellant, than if he had given a charge on the presence of the water in the street as a "new and independent cause." In addition to fully charging the jury on the issues of plaintiff's contributory negligence, under every aspect the evidence presented, he directly and flatly told the jury, "If the plaintiff turned toward the bus without making a signal or giving an intimation of his desire to go in that direction, and the operator of the bus had no knowledge of the determination of the bicycle rider to turn to the left, manifestly, any collision that happened, could not be charged to the bus driver under circumstances of that sort."

■ Dialectical perfection, metaphysical nicety, abstract inerrancy, are not expected or required of Federal trial courts. Maryland Casualty Co. v. Reid, supra. Both trial and appellate federal courts are enjoined. "On the hearing of any appeal, certiorari, writ of error, or motion for new trial, * * * the court shall give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties." [2] Rule 61 of the Rules of Civil Procedure, provides, "Harmless Error —No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

We find the record without reversible error. The judgment is affirmed.

Affirmed.

---

[2] 28 U.S.C.A. § 391.