This suit grows out of a collision between a truck, owned by the plaintiff, Godchaux Sugars, Inc., and, at the time of the accident, driven by its employee, Edward Johnson, and an automobile, owned and operated by August A. Honore, which occurred in the City of New Orleans on March 9, 1944, at 1:45 p.m.
The plaintiff sues August A. Honore, his employer, Tharp-Sontheimer Life Insurance Company, Inc., and its insurance carrier, the Employers' Liability Assurance Corporation, Ltd., for $285.77, representing damage sustained by its truck.
The defendants denied all responsibility for the accident and Honore, assuming the character of plaintiff in reconvention asked for $234.23 as damage to his automobile.
There was judgment below dismissing plaintiff's suit and awarding judgment to Honore on his reconventional demand as prayed for. Plaintiff has appealed.
The accident happened when Honore, whose automobile had been parked on the left or wrong side of Calhoun Street, between S. Tonti and S. Miro Streets, attempted to move out into the middle of the street and collided with the truck, which was coming in the opposite direction.
The charges of negligence imputed to Honore are illegal parking and attempting to move out into the roadway at a time when the plaintiff's truck was too near to permit of his safely doing so.
[1] There were cars in front of and behind the Honore car and on the other side of the street, thus narrowing the pathway for vehicular traffic. The left side of defendant's automobile was near the curb on Calhoun Street, so that the driver's seat was away from the path of traffic thus affecting his view of approaching vehicles, since it was necessary for him to get some distance away from the curb before he could see the roadway which he was attempting to enter. Honore's counsel admit that his car was illegally parked, but contend that this violation of the traffic ordinance had nothing to do with the accident. We cannot agree with him. Honore's car, at the time of the impact, had not succeeded in straightening out in the line of traffic, but was on an angle, from which it is obvious that there was not time to execute the maneuver which Honore was attempting *Page 393 
and, if he had been in a position to observe the on-coming traffic when starting his car he would have waited until it had passed. See Beshear v. Hutchins, La. App., 1 Cir.,24 So.2d 489.
The driver of plaintiff's truck is accused of negligence on a number of grounds, only one of which — excessive speed — need be considered. The traffic ordinance, Article V, Section 3-b, provides that the speed of vehicles in business districts shall be limited to 15 miles per hour. In article 1, a business district is defined as "any street length between intersections where fifty percent or more of the frontage is in use for business purposes".
[2] The evidence in the record concerning the business district was given by plaintiff's driver, Johnson, who, when asked whether that locality was a small business section, replied in the affirmative. He also said that he was traveling between 20 and 25 miles per hour, but two witnesses testified to the effect that there were skidmarks on the pavement, made by his truck, which were 80 or 90 feet long, thus indicating that his speed was greater than 25 miles per hour. Be that as it may, if it was a business district and, as we have shown, the testimony is meagre on the point, he was certainly exceeding the limit of 15 miles per hour allowed by the ordinance, but whether it was a business district or not, by his own admission he was going faster than 20 miles per hour, the speed allowed in a residential district. Article V, Section 3-b. Moreover, his speed was excessive in view of the conditions obtaining, regardless of the ordinance, for the evidence shows that there were cars parked on both sides of Calhoun Street. To travel 20 or 25 miles per hour in a traffic lane thus narrowed is imprudent and negligent, for the driver must contemplate that one or more of the vehicles, on one side or the other, might attempt to move out into the middle of the street. His speed should be no faster than would allow for such contingency, certainly not 20 or 25 miles per hour.
Our conclusion is that both drivers were guilty of negligence which contributed to the accident, consequently, and
For the reasons assigned the judgment appealed from is annulled, avoided and reversed in so far as it awards judgment to Honore on his reconventional demand and it is now ordered that there be judgment dismissing the reconventional demand. In all other respects the judgment appealed from is affirmed. Costs of this appeal to be paid by Honore.
Affirmed in part.
Reversed in part