## GARLAND et al. v. LANE–WELLS CO.

### No. 12960.

United States Court of Appeals
Fifth Circuit.

Dec. 21, 1950.

Rehearing Denied Jan. 26, 1951.

Henry D. Akin, Dallas, Tex., J. Carroll McConnell, Fort Worth, Tex., for appellants.

Jas. H. Milam, Lubbock, Tex., for appellee.

Before HUTCHESON, Chief Judge, and McCORD and BORAH, Circuit Judges.

BORAH, Circuit Judge.

Appellant, W. A. Garland, brought this action for damages against appellee, Lane-Wells Company, for personal injuries sustained as a result of the alleged negligence of defendant's employees in causing a shell in a perforating gun to explode while Garland was in close proximity thereto.

The complaint alleged that Garland, in the course of his employment as an employee of Oil Well Drilling Company, was assisting defendant's employees in perforating the casing of an oil well; that in this operation an electrically controlled perforating gun is used to explode shells or cartridges when the gun is lowered down into the well; and that while Garland was reloading and checking the gun defendant's employees negligently and prematurely turned on the electricity, causing a shell to explode, injuring plaintiff. The defendant, in its amended answer, denied that it was negligent and alleged contributory negligence on the part of Garland. In the alternative, defendant averred that the occurrence was an unavoidable accident. The Associated Indemnity Corporation intervened, setting up that it carried the workmen's compensation for Oil Well Drilling Company and that they had paid to plaintiff the sum of $3,835.09 and were subrogated to the rights of plaintiff in that amount.

The cause came on for trial and the court submitted the case to the jury on special issues. In response thereto, the

jury determined that at the time Garland was injured he was an employee of Oil Well Drilling Company; and that his injuries were the result of an unavoidable accident. And having so found, the jury, in obedience to the court's instructions, made no findings on the issues of negligence and contributory negligence. Whereupon plaintiff and intervenor moved successively and unsuccessfully for a mistrial and a new trial. From the judgment in favor of defendant, plaintiff and intervenor appeal.

Insisting that their motions, based on identical grounds, were erroneously denied, the appellants urge in support thereof two points. First, that the evidence was not only wholly insufficient to support the jury finding of unavoidable accident, but that on the contrary it shows that either defendant or plaintiff was guilty of negligence proximately causing the injuries. The second point is that appellants had a right and were entitled to a finding by the jury on the issues of primary negligence of defendant and contributory negligence of plaintiff, even though the answers to those questions might conflict with the finding of unavoidable accident.

The defendant, on the other hand, contends that the issue of unavoidable accident was raised by the evidence, and that the jury's finding is supported by substantial evidence. And in reply to plaintiff's second point, the defendant insists that since plaintiffs did not object to the court instructing the jury not to answer the issues of negligence and contributory negligence if they found unavoidable accident, they cannot now complain.

 A clear description of the process of perforating the casing of an oil well and of the particular operation here involved would unduly lengthen this opinion. It is sufficient for us to say that before loading the gun, lowering it into the hole and firing the shots, each of the twenty-four ports or openings [1] in which the shot loads are placed are tested by pressing a corresponding trigger in the control truck which transmits an electrical current to the gun and thereby causes a testing light to shine if the port being tested is working properly. After the gun has been loaded, lowered into the well and fired at the desired depth, it is raised to the surface, the exploded shells are removed and it is again checked before reloading for the next series of shots. At the oil well in question the derrick platform was encased by a corrugated tin and tarpaulin windbreak, the only entrance to the derrick floor being through one door or opening therein. During the perforation of this well there were only two men working around the derrick floor, one being defendant's rig man Treece, and the other W. A. Garland. It was Treece's job to check the gun, load it with cartridges, and remove the exploded shells, but on the day in question Garland, acting in accordance with a common custom in the oil fields, was assisting Treece in the performance of his duties. However, when the gun was removed from the hole following the second series of shots Garland did not appear on the derrick floor. Treece did not know why Garland was absent but knowing that Garland was not required to help him, proceeded unassisted in the performance of his work. He removed the exploded shells from the gun and by means of a loud speaker communication system informed the operator in the truck, which was seventy-five or one hundred feet removed, that the gun was ready for checking. Treece then crouched down with his back to the door, and waited for the operator to fire the test shots. While in this position, he glanced back and saw that Garland had come on the derrick floor and had placed two shells in the gun which was then being test fired. Treece instantly yelled as loud as he could and attempted to push Garland back but he never got that far because at that instant the gun fired, injuring Garland. We are of the opinion that this evidence was sufficient to raise the issue of unavoidable accident and that a fair and impartial jury might reasonably infer that the occurrence

1. The shock area of the gun was eight and one-half feet from the top port to the bottom port and each port is fired individually and in numerical order.

happened without any causal negligence on the part of either the plaintiff or defendant.

We also find no merit in appellants' second point. The submission of the special issues of unavoidable accident, negligence, and contributory negligence to the jury was a matter of procedure and this court is governed by the Federal Rules of Civil Procedure, 28 U.S.C.A. rather than the decisions of the State Court of Texas.[2] Furthermore, Rule 51 provides that no party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict. The trial court instructed the jury that if they should find that plaintiff's injuries were the result of unavoidable accident they need not answer the question as to whether Treece was negligent, nor the further question as to whether plaintiff was contributorily negligent. To this conditional submission of the issues plaintiffs interposed no objection at the time and consequently may not now on appeal complain of the court's action.

We find no error in the record and the judgment is affirmed.

2. Dallas Railroad and Terminal Co. v. Sullivan, 5 Cir., 108 F.2d 581.