## METROPOLITAN LIFE INS. CO. v. TALBOT.

### No. 14343.

United States Court of Appeals
Fifth Circuit.

June 30, 1953.

T. Baldwin Martin, Martin, Snow & Grant and Harris, Russell, Weaver & Watkins, all of Macon, Ga., for appellant.

S. Gus Jones, Douglas C. McKenney and Oscar L. Long, all of Macon, Ga., for appellee.

Before HUTCHESON, Chief Judge, and RUSSELL and STRUM, Circuit Judges.

STRUM, Circuit Judge.

Defendant below, Metropolitan Life Insurance Company, appeals from a judgment awarding damages against it for the wrongful death of plaintiff's husband, Roger Talbot, due to the negligent operation of an automobile by defendant's employee while acting in the scope of his employment.

About mid-day on November 6, 1951, plaintiff's husband was driving his automobile easterly along a paved highway, 18 feet wide, on the outskirts of Macon, Georgia. The terrain in the vicinity is somewhat "rolling." Defendant's employee, accompanied by a fellow-employee, was driving westerly along the same road. The cars collided about 200 feet east of the crest of a small hill over which plaintiff's husband had just driven, and about 104 feet west of a point where defendant's employee had temporarily parked his car off the pavement, on his own left (south) side of the highway, while he collected an insurance premium from the occupant of a house in front of which he parked. Having completed his mission in the house, defendant's employee started his car and had proceeded westerly about 104 feet when the collision occurred, resulting in the death of plaintiff's husband.

Thus far, there is little conflict in the evidence. On other details, however, there is much conflict. Plaintiff contends that her husband was sober at the time, driving at a moderate speed on his own right (south) side of the highway, and that the collision occurred about the center of the highway, while defendant's employee was "angling" his car back across the highway in an effort to regain his own right (north) side, but before he had done

so. There is credible evidence to support that view.

On the other hand, defendant contends, and produces credible supporting evidence, that plaintiff's husband had been drinking intoxicants on the morning of the collision, a bottle containing whiskey, and an empty coca cola bottle, being found on the front seat of his car after the collision; that he came over the crest of the small hill about 200 feet west of the collision point on his own left (north) side of the highway, at excessive speed, estimated by one witness at 75 to 80 miles per hour; that, meanwhile, defendant's employee had completely regained his own right (north) side of the highway, and that the collision occurred wholly on that side. Both of defendant's employees testified definitely that their car had regained their own right side of the highway before the collision.

Photographs of both cars indicate that the collision was almost head-on. The only eye witness to the actual impact, other than the principals, testified in support of plaintiff's theory that the collision occurred near the center of the highway while defendant's employee was angling across from the left, but before he reached the right (north) side of the highway. On the other hand, there were skid marks about 10 feet long, said to have been made by plaintiff's husband's car on the north side of the highway, the outer one being within about thirty inches of the north edge of the paving. There was broken glass and other litter, apparently caused by the collision, on the north side of the paving and on the north shoulder. Plaintiff's husband had worked from 7 p. m. to 3:40 a. m. the night before as fireman on a railroad yard engine, and had not yet been home for sleep when the collision occurred.

On the issue of intoxication, the evidence is also in conflict. There is evidence that deceased had one drink several hours before the collision, and that he and a companion acted like they had been drinking about 7:45 a. m. Another witness testified that he smelled the odor of alcohol while talking to the deceased and his companion shortly before 8:00 a. m. of the day of the collision. On the other hand, a deputy sheriff who arrived at the scene of the collision a few minutes after it occurred, and who helped to remove plaintiff's husband from his car, also the ambulance attendant who picked up plaintiff's husband at the scene of the collision, and an interne at a Macon hospital, who examined the body upon its arrival at the hospital, all of whom came in close proximity to deceased's head and body, testified that they smelled no whiskey, nor saw any evidence of intoxication. The companion who was with deceased all morning, and until a few minutes before the collision, testified that the deceased was sober, although he had one drink several hours before the collision. Plaintiff, deceased's wife, testified that she talked to her husband on the phone between 10:15 and 11:15 a. m., and he seemed to be sober at that time.

■ With the evidence thus in conflict, and with credible evidence supporting both views, a typical jury question is presented upon the question of intoxication, negligence, and contributory negligence. The jury resolved the issues in favor of plaintiff below, and the verdict has been approved by the district judge. There is ample evidence to support the verdict, though the conflicts are striking, and there is evidence from which contributory negligence on the part of plaintiff's husband could be readily inferred. The jury apparently took this evidence into account in assessing damages, to which we shall refer hereafter.

■ Appellant asserts that the trial judge committed prejudicial error in charging the jury, pursuant to section 68–303(a) of the Georgia Code, that "All vehicles not in motion shall be placed with their right sides as near the right side of the highway as practical * * *." Appellant contends that since the car driven by its employee was not parked at the time of the collision, but was admittedly in motion on the highway, and, as appellant contends, on the proper side of the highway, the manner in which the car had been previously parked had no causal connection with the collision, so that the charge tended to confuse the issues and mislead the jury.

In some circumstances, this might be entirely true. Here, however, the collision occurred when the car had travelled only 104 feet from the parking spot on the left (south) side of the highway, and while, according to plaintiff's witnesses, it was "angling" across the highway in an effort to reach the right side, the collision occurring when it was near the center of the highway. In these circumstances, we can not say that the act of parking the car on the wrong side, thereby necessitating its recrossing the highway in the face of approaching traffic, was not a factor in producing the collision.[1] The jury was entitled to consider whether or not the maneuver involved in leaving the parking place on the left side of the highway, and regaining the right side, was executed with due care. The instruction therefore was not irrelevant. Godchaux Sugars, Inc., v. Honore, La.App., 26 So.2d 392; Williams v. Grier, 196 Ga. 329, 26 S.E.2d 698.

█ In Georgia, the comparative negligence rule applies in cases of this type. Section 105–603, Georgia Code. The trial court in effect charged the jury that if both Tinker (defendant's employee) and Talbot (deceased) were equally negligent, there could be no recovery, but "if Tinker was more negligent than Talbot, or to put it the other way, if Talbot was less negligent than Tinker, then you could find and should find for the plaintiff, but you should reduce your verdict in proportion to the negligence of the deceased." The substance of this instruction as to diminishing damages was repeated several times in the charge.

Later in the charge the court said: "If you should determine, however, that the plaintiff is entitled to recover, then I charge you that the law says that if the plaintiff is entitled to recover at all, she would be entitled to recover the full value of the life of her husband." At another point the court charged: "I charge you, gentlemen of the jury, that in the case of the death of a husband, the widow has the right to sue for the full value of his life and to re-

cover therefor if you believe that she is entitled to recover at all."

Appellant takes exception to the last quoted charges, contending that they contradict the prior charge on comparative negligence, and inform the jury that if they find for the plaintiff at all they *must* award her the full value of her husband's life, without diminution. We do not so understand the charge. It appears to us that taken as a whole, as it must be, the charge was not only full and fair, but adequately informs the jury that "if the plaintiff is entitled to recover at all," that is, if her husband's death was a wrongful one for which there can be any recovery whatever, she can recover the full value of his life, but—as the jury had already been twice told—if her husband was guilty of contributory negligence, then the damages should be diminished in proportion to his negligence, which correctly states the rule. It was unnecessary to again repeat the entire charge on comparative negligence each time the plaintiff's right of recovery was referred to. Western & A. R. R. v. Reed, 35 Ga. 538, 134 S.E. 134; Brown v. Sanders, 44 Ga.App. 114, 160 S.E. 542.

It is clear that the jury so understood the charge, because they applied the comparative negligence rule in assessing damages. Deceased was 43 years old at the time of his death. His life expectancy was 25 years, or more. He earned $450 to $500 per month. The average would be $450 per month, or $5400 per year. Reduced to its present value on a basis of 6%, the full value of deceased's life would be approximately $63,000. At 7% it would be approximately $57,000. The verdict was for $11,000. It is therefore apparent that the damages were drastically reduced below the full value of deceased's life, apparently because of his contributory negligence. There is ample evidence to support the jury's finding that defendant's employee was not without negligence in angling back from left to right across a heavily traveled highway without first ascertaining that he could do so in safety. If deceased was on the wrong side

[1] One of the acts of negligence specifically alleged by the plaintiff was the violation of the parking statute.

of the highway, the jury was entitled to consider whether or not he was there in a prudent effort to avoid the maneuver of the other car.

Appellant further contends that the trial court erred in not instructing the jury that in reducing damages to their present value, a 7% basis of earning power must be used, because that is the legal rate of interest in Georgia. Compare Bunch v. McLeskey, 173 Ga. 545, 161 S.E. 128. So far as we can find, no annuity tables were introduced in evidence, nor was the court specifically requested by the defendant to charge on the 7% basis, although there was an exception to the failure to do so. The court charged the jury that they should take into consideration all elements that enter into the value of a human life, "then take the result of that and reduce it to its present value." And again, that "whatever amount you should find the total life to be worth, it should, of course, be reduced to its prsent money value."

A careful reading of the charge convinces us that the trial judge not only adequately instructed the jury on the diminution of damages, but also directed them to reduce the damages to their present value, based upon deceased's life expectancy. If the defendant desired a more specific charge than this, it was its duty, not merely to ask for such a charge generally, but to tender the requested charge to the trial judge in writing and ask him to give it. Dallas Ry. & Term. Co. v. Sullivan, 5 Cir., 108 F.2d 581; Indemnity Ins. Co. v. Moses, 5 Cir., 36 F.2d 219.

For purposes of this case, we follow the Georgia decisions, which hold that in the absence of "a timely written request" for such an instruction, the omission of the trial judge to charge the jury as to the mathematical process by which a sum payable in the future is reduced to its present value, is not a sufficient ground for a new trial. Louisville & N. R. R. v. Trout, 141 Ga. 121, 80 S.E. 622; Hudson v. Carton, 37 Ga.App. 634, 141 S.E. 222.

Appellant's other contentions have been examined, but no reversible error found.

Affirmed.