[Civ. No. 584. Fourth Appellate District.—June 22, 1932.]

ELSIE SNYDER SHERWOOD et al., Respondents, v. MARVIN THOMAS, Appellant.

Lasher B. Gallagher for Appellant.

George H. Gobar for Respondents.

BARNARD, P. J.—This is an action to recover damages for injuries sustained by the plaintiff Elsie Snyder Sherwood, in a collision between an automobile driven by her and another automobile driven by the defendant. The action was tried by the court without a jury, resulting in a judgment for the plaintiff. The court found that the automobile belonging to the plaintiffs was damaged in the sum of $93.90; and that the plaintiff Elsie Snyder Sherwood, by reason of her injuries, pain and suffering, loss of salary as a school-teacher and amounts expended for doctor bills, has been damaged in the sum of $1654. In addition, the court found, in finding numbered XII, that the plaintiff Lawrence Sherwood had been put to great expense and will continue to be subjected to great expense in procuring medical and surgical care and nursing for his wife, and that he will hereafter be put to great expense through the loss of her services by reason of which it was found that he was

damaged in the additional sum of $1,000. Upon these findings judgment was entered for $2,747.90, from which judgment this appeal is taken.

 The main point urged by appellant is that finding XII, above referred to, is not sustained by the evidence. Respondents support this finding only by the claim that it can be justified as an allowance on account of future loss of wages as a school-teacher by the respondent wife. Not only is there no evidence in the record to support such a claim, there being no evidence that the wife would be unable to teach in the future, but the finding in question does not purport to cover any such element of damages and the preceding finding, in which $1654 was allowed, does purport to fully cover that element of damages involving the activities of the wife as a school-teacher. The only thing covered by finding XII is past expense incurred by the husband for medical attention for the wife, and future expense for such medical attention and future expense caused by loss of her services. The past expense for medical attention was covered in the preceding finding and allowance therefor specifically included in the $1654 awarded. In relation to future expense for loss of services of the wife, the only evidence in the record is to the effect that the wife, at the time of the trial, was doing her own housework and there is no evidence that future expense was to be anticipated by reason of the loss of her services. As to future expense for medical attention, the only evidence in the record is that she would still require fifty more "adjustments" by the chiropractor who was treating her and that she had been paying $2 for each adjustment. At most, the evidence supports an allowance of only $100 for this item and the remaining allowance of $900 is without support in the record.

 It is next urged that the court erred in not making a finding upon the issue of contributory negligence. A complete and final answer to this is that the defendant failed to allege contributory negligence. The only affirmative allegation set up in the defendant's answer was to the effect that the collision in question was caused proximately and entirely by the negligence of the plaintiff. The court found in several findings that the collision occurred as the direct result of the negligence of the defendant alone.

 A physician was appointed by the court to examine the respondent Elsie Snyder Sherwood and report upon her condition. In giving his report and his conclusions, this physician repeated statements made to him by this respondent for the purpose of enabling him to understand her condition, the statements including what might be termed a history of how she had felt during the period between the date of the collision and the date of the trial. Error is attributed to the allowing of this testimony by the doctor, on the ground that these statements were hearsay and self-serving declarations. This doctor was appointed to ascertain the present condition of this respondent, and it would appear that most, if not all, of the statements made were necessary to enable him to reach an intelligent conclusion, and that they were properly repeated by him in explaining his conclusion (*Davis* v. *Renton,* 113 Cal. App. 561 [298 Pac. 834]). In any event, no harm resulted as this respondent had herself testified to the same things, and for the further reason that this testimony could not have affected the portion of the judgment which we are affirming, which portion was sustained by evidence as to actual moneys paid out and actual wages lost.

 The only other point raised is that the court erred in entering judgment on the day after findings were signed, but ordering the same entered *nunc pro tunc* as of the date the case was submitted for decision. While the *nunc pro tunc* portion of this order for judgment is apparently erroneous, the only prejudice to the appellant which is pointed out is the liability for additional interest amounting to $2.50. In order that full and complete justice may be done to appellant, we feel constrained to lend our aid by further reducing the judgment in that amount.

For the reasons stated, the judgment is modified by deducting therefrom the sum of $902.50 and as so modified, the judgment appealed from is affirmed, the appellant to recover his costs on appeal.

Jennings, J., and Scovel, J., *pro tem.,* concurred.