## FIDELITY PHENIX FIRE INS. CO. OF NEW YORK v. VALLONE et al.

### No. 7155.

Circuit Court of Appeals, Fifth Circuit.

Dec. 18, 1934.

Rehearing Denied Jan. 11, 1935.

Austin Y. Bryan, Jr., of Houston, Tex., for appellant.

J. A. Platt and Ben Campbell, both of Houston, Tex., for appellees.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

The insured named in a policy issued by the appellant, and a beneficiary named in a loss payable clause contained in that policy, brought separate actions for the recovery of the amounts recoverable by them, respectively, under the terms of the policy for the loss or destruction of a dwelling described therein. The policy insured, to a stated amount and subject to exceptions stated therein, the property covered by it "against all direct loss or damage by fire." The body of the policy contained the provision: "This company will not be liable for any damage by explosion of artificial or natural gas unless fire ensues, and then for damage by fire only." By a clause added to the policy it was made to cover all immediate loss or damage to the property covered by the policy "caused by the explosion of natural or artificial gas, whether fire results or not." The amended petition of each of the appellees alleged that on a stated date, while the policy was in full force and effect, said dwelling was totally and entirely destroyed by fire. The insured's amended petition alleged in the alternative that if the alleged loss and damage was not directly and proximately caused by fire "said loss and damage was an immediate one directly and proximately caused by an explosion of natural and/or artificial gas." The allegations of the amended petitions were put in issue. The trial on the issues joined resulted in a verdict and judgment in favor of the plaintiffs, appellees here. Rulings on which a reversal is sought are denials of requested instructions and the overruling of objections made to parts of the opening argument to the jury of counsel for the appellees.

The insured dwelling was destroyed between 11 and 12 o'clock at night, after the insured and other occupants of it, his wife and children, had been absent from it several hours. Testimony showed that when insured and members of his family left the house it was locked and the windows and doors were

closed; that natural gas was used in the house; that it contained an automatic water heater, and pilot lights thereof were burned continuously; that there were individual gas heaters in each room, and gas was used in the cooking stove; that there was no gasoline in the house, no benzine, Greek fire, gunpowder, naphtha, nitroglycerine, no petroleum, or oils of any kind. Uncontradicted evidence showed that there was both a fire and an explosion. There was evidence tending to prove that the inside of the house was on fire before the explosion occurred. There was evidence tending to prove that the explosion which occurred was caused by natural or artificial gas. Other evidence tended to prove that the explosion was caused by gasoline.

As the policy insured against loss or damage caused by fire or by an explosion of artificial or natural gas, whether fire ensues or not, in the indicated state of the evidence, the court did not err in refusing requests that a verdict in favor of appellant be directed.

■ Several instructions requested by the appellant dealt with the question whether or not the explosion preceded or followed the fire. The terms of the policy made that question immaterial if the explosion which occurred was one of natural or artificial gas. In its oral charge to the jury (no part of which was excepted to), the court, after stating that no evidence showed what part of the loss or damage was caused by fire and what part thereof was caused by the explosion, instructed the jury "that if you find that any damage occurred by an explosion other than natural gas or artificial gas, you will find for the defendant, although it may be you will think some damage was caused by fire." Under that instruction the jury could not find for the appellees if they found that the explosion which occurred was other than of natural or artificial gas, whether it occurred before or after the fire started. The instruction given by the court to the jury kept the refusal of the requested instructions in question, or of any of them, from being harmful to the appellant, though some or all of those requested instructions properly could have been given.

■ Eight assignments of error are based on the action of the court in overruling objections to parts of the opening argument to the jury of counsel for the appellees. Counsel for the appellees was allowed thirty minutes for that argument. During that argument counsel for the appellant eleven times objected to as many parts of the argument. When one of the objections was made, upon the court stating that the statement objected to was a little bit overdrawn, counsel for appellees said he would take that back, whereupon the court said: "I will tell the jury not to consider that." If the statement objected to could be deemed prejudicial, the action of the court and of the counsel who made the statement cured the error. Dunlop v. United States, 165 U. S. 486, 498, 17 S. Ct. 375, 41 L. Ed. 799.

Some of the statements objected to were so obviously within the bounds of allowable argument that comment on the overruling of objections to them is deemed unnecessary.

■ After several objections to parts of his argument had been made, upon another objection being made, counsel for the appellees stated: "I think I should be permitted to finish my argument." Thereupon the court stated: "Counsel has the right to make objections. The court will rule on them when he makes them." The court further stated in effect that when the verdict is in, if the court feels that either side has made inflammatory addresses to inflame the jury, the court will take the proper action. Thereafer counsel for the appellees stated: "Gentlemen, we have got a limited time. I can understand why all these objections and interruptions; they want to kill as much of my time as they can." That statement was objected to. The objection was overruled and the appellant excepted. As the court stated in the presence of the jury that counsel had the right to make objections, it cannot reasonably be inferred that the jury was influenced in reaching its verdict by the fact that objections were made to the argument of counsel for the appellees. The overruling of the objection to the last-mentioned statement was not error if the making of the statement objected to was provoked by conduct of counsel for the appellant. Paschal v. Owen, 77 Tex. 583, 14 S. W. 203; Casualty Reciprocal Exchange v. Stephens (Tex. Com. App.) 45 S.W.(2d) 143; Zurich General Accident & Liability Ins. Co. v. Thompson (C. C. A.) 49 F.(2d) 860; 64 C. J. 282. The record shows that there was ground for concluding that there was such provocation. The trial court was in a better position to pass on that question than we are. The latitude allowable in argument to the jury is largely in the discretion of the trial court, and a judgment is not subject to reversal because of the overruling of an objection to a statement made in argument unless it clearly appears that the court's discretion was abused. Texas & P. Ry. Co. v. Garcia, 62 Tex. 285; Chadwick v. United States (C. C. A.) 141 F. 225; Diggs v. United States (C. C. A.) 220 F. 545.

The record does not show that in overruling the last-mentioned objection in the circumstances disclosed the court abused its discretion. It well may be inferred that if counsel for the appellant really had believed that the statement of opposing counsel, "they want to kill as much of my time as they can," was likely to influence the jury to bring in a verdict against the appellant, the latter's counsel would not have been content with merely excepting to the overruling of his objection, thereby saving a point for use on appeal, but would have asked the court to instruct the jury to disregard that statement, or to declare a mistrial because of the making of it. We think the record fails to show that the court abused its discretion in any of its rulings on objections to the argument of counsel for the appellees, or that appellant was substantially prejudiced by any of those rulings.

The record shows no reversible error.

The judgment is affirmed.