## FIDELITY & CASUALTY CO. OF NEW YORK v. WILLIAMS.

No. 14011.

United States Court of Appeals
Fifth Circuit.

June 30, 1952.

1. Nashville, C. & St. L. Ry. Co. v. York, 6 Cir., 127 F.2d 606; Chicago & N. W. Ry. v. Garwood, 8 Cir., 167 F.2d 848; Texas Employers Ins. Ass'n v. Wallace,

James C. Watson, Houston, Tex., for appellant.

Arthur J. Mandell, Houston, Tex., for appellee.

Before HUTCHESON, Chief Judge, and RUSSELL and STRUM, Circuit Judges.

JOSEPH C. HUTCHESON, Chief Judge.

Seeking the reversal of a judgment entered on a verdict in a suit for compensation brought under the Texas Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq., defendant below, appellant here, puts forward under Specifications, six in number, three grounds of error.

■ The first of these is:

"The error of the District Court, when the medical testimony as to appellee's physical condition was in sharp contradiction, in allowing the witness Dr. Joe W. King, over the objection of appellant, to testify as to his opinion of the appellee's physical condition, when his opinion had to be based on the history obtained from appellee, which history was not in evidence before the jury."

In support of this position, appellant points to the fact that Dr. King had not treated plaintiff, but had merely examined him for the purpose of giving an opinion as to his condition. So pointing, it invokes the cases,[1] holding in effect that the case history related by a plaintiff and the subjective symptoms described by him, when used as the basis of an opinion by a physician who had not treated him but had examined him for the purpose only of testifying, were hearsay evidence and incompetent as the basis of an opinion by the doctor.

The appellee, citing, as opposed to appellant's view, Missouri-Pacific v. Baldwin, Tex.Com.App., 273 S.W. 834, insists that if the general proposition advanced by defendant and the authorities it cites are

Tex.Civ.App., 70 S.W.2d 832; Republic Underwriters v. Lewis, Tex.Civ.App., 106 S.W.2d 1113.

sound, the invoked principle does not apply here, for the reason that it was appellant, and not appellee, who sent plaintiff to King for an examination, and it was the findings and diagnosis made for the defendant,[2] and not for plaintiff, to which King testified, and, in such case, the exclusionary rule does not apply.

In addition, pointing out that the facts upon which King based his diagnosis were undisputed, indeed in part testified to by defendant's witness, Dr. Bradford, it insists that the reception of the evidence was not prejudicial and reversible error.

Agreeing with appellee, that, in the state of the record, the error, if any, in permitting King to testify as he did was not prejudicial, we will not undertake to determine whether or wherein the ruling complained of was erroneous. It will suffice to say that if error, it was not ground for reversal.

■ Appellant's second ground of error is that the court permitted counsel for appellee, in the course of his argument [3] to appeal to, incite, and play upon, the prejudices of the jury for the purpose, and with the result of, inducing not a fair verdict, based upon a consideration of the evidence and law of the case, but an unfair one induced by and based upon appeals to prejudice against insurance companies and their lawyers.

Invoking and quoting largely from F. W. Woolworth Co. v. Wilson, 5 Cir., 74 F.2d 439, 98 A.L.R. 681,[4] appellant insists that the argument went so out of bounds [5] as to require reversal.

While we agree that the argument in some respects exceeded the bounds of propriety, and appellee's counsel should have been restrained from, and rebuked by the judge for, indulging in it, we are of the clear opinion that, unobjected to, as the most objectionable part of it was, it ought not, upon this record as a whole, be held to be ground for reversal.

It was undisputed, indeed admitted, that plaintiff was to some extent disabled and the only matter in controversy was the extent of this disability. There was no basis for any claim that the injuries were faked or unreal. None for the view that the verdict was based on the improper argument, rather than on the evidence.

2. Quaife & Wife v. Chicago & N. W. Ry. Co., 48 Wis. 513, 4 N.W. 658; Chicago City Ry. Co. v. Bundy, 210 Ill. 39, 71 N. E. 28; City of Chicago v. McNally, 227 Ill. 14, 81 N.E. 23; Sherwood v. Thomas, 124 Cal.App. 450, 12 P.2d 676.

3. "Mr. Mandell: Gentlemen of the jury, I had hoped that in the year of our Lord, 1951, lawyers representing insurance companies would abandon their time honored practice of calling everybody who sues them a liar and a cheat. I had hoped that they would come in and talk about the facts in the case, and not pick out a fault here and a fault there, and what they think is a fault here, and try to throw dirt on a man who has been injured on a job and comes in and asks for compensation under the law. But from the arguments made here, those hopes were dashed again. I thought and hoped that in the year of our Lord 1951 the lawyers for insurance companies might come in and talk about facts without throwing dirt on anybody, but I am afraid I hoped in vain.

"The sum total of the argument made by the lawyer for the insurance company is this, as I get it: Dudley Williams undoubtedly was seriously hurt, so seriously hurt that he had to have his spine cut on, but he is a dirty liar and cheat and doesn't merit any credit; that Dr. Brown just ought not to be considered at all; that Dr. Zionts is just an ordinary general practitioner, so don't pay any attention to him at all; that Dr. King, who testifies that the man was unable to do any kind of work, that he only relied on what Dudley said, and Dudley being a liar, you can't believe him. That is the whole testimony, the whole argument, in a nutshell and I say it is a shameful sort of argument to make. It is an insult to people who go out to work to make their livings, and who, due to the dangerousness of our economic life, yes, even black people like Dudley Williams, people who, after receiving an injury, come and ask for their rights under the law, and they have to expose themselves to insult adding insult to injury!

4. Cf. Smerke v. Office Equip. Co., 138 Tex. 236, 158 S.W.2d 302; Southwestern Greyhound Lines v. Dickson, Tex.Sup., 236 S.W.2d 115.

5. Maryland Cas. Co. v. Reid, 5 Cir., 76 F.2d 30.

The third ground for reversal was that, contrary to the decisions of the Texas courts,[6] appellee was permitted in arguing to advise the jury as to the effect in law of their answers to the questions of fact propounded to them for their verdict; to which appellee replies, and we agree, that this is a matter of procedure, and the Texas decisions on the manner of framing and submitting issues [7] to the jury are not controlling or even persuasive in the Federal Courts.

No reversible error appearing, the judgment is

Affirmed.

---

6. Pacific Employers Ins. Co. v. Barnett, Tex.Civ.App., 230 S.W.2d 331.

7. Dallas Ry. & Terminal Co. v. Sullivan, 108 F.2d 581, at page 583.