70 So.2d 820

## HARGETT v. RHOADS.

### 8 Div. 432.

Court of Appeals of Alabama.

March 3, 1954.

Murray W. Beasley, Tuscumbia, for appellant.

Mitchell & Poellnitz, Florence, for appellee.

**HARWOOD, Judge.**

The suit below grew out of an automobile accident resulting from the collision of two vehicles driven respectively by the plaintiff and the defendant.

The complaint contained one count averring simple negligence, and claimed damages of $300.

The jury returned a verdict in favor of the plaintiff and assessed damages at $300, and judgment was so entered.

The defendant's motion for a new trial being overruled this appeal resulted.

Only two assignments of error are pressed. The first assignment pertains to testimony by the plaintiff that the defendant, immediately after the accident, had made

certain statements to him, including a statement that he was covered by insurance.

In this connection the record shows the following:

"Q. Were you all there at the scene of the accident when you were talking to him? A. Yes.

"Q. Was that immediately following the accident? A. It was.

"Q. What did Mr. Hargett say to you, if anything, at that time?

"By Mr. Beasley: We want to object to anything that Mr. Hargett said at that time. It is a declaration against his own interests.

"By the Court: The objection is overruled.

"By Mr. Beasley: We reserve an exception.

"Q. All right, answer the question please. A. Mr. Hargett got out of his car and he said, 'My God, man, where did you come from, I didn't see you.'

"Q. What else did he say, if anything?

"By Mr. Beasley: We object on the same grounds assigned to the preceding question.

"Objection is overruled by the court and Mr. Beasley reserves an exception.

"A. He says, 'How much damage have I done,' said, 'Here's my insurance policy,' said, 'I'm covered, just contact them.'

"By Mr. Beasley: We want at this time, if your Honor please, to move for a mistrial on the grounds that the statement made by this witness has put prejudice in the minds of the jury about any insurance. That is a most prejudicial statement and we objected to it, and we objected to the question made prior to that. We feel that the minds of the jury have been so prejudiced that it would not be to the best interests of Mr. Hargett that this case be tried before these gentlemen.

"By Mr. Poellnitz: We think it is a part of the res gestae. If it is a statement he made it is admissible. Time and time again where a man said something it is admissible and he quoted Mr. Hargett, the defendant. If the court wants to instruct the jury that it has nothing to do with the merits of the case, I would be the first to favor that, but it is an admission. If he says, 'It's my fault,' that is an admission and it would be part of the res gestae.

"By Mr. Beasley: To me it is an offer of compromise, and that's not admissible. That's my motion, for a mistrial. Whether or not he had one hundred ($100) dollars worth of insurance is not part of the res gestae and it is not admissible. The statement, 'My God, where did you come from,' is part of the res gestae, but not the insurance. It is very prejudicial.

"By Mr. Poellnitz: Certainly he has to tell what the man said. It's part of the res gestae. I've seen it come up in case after case.

"By the Court: The motion is overruled, and the court, on its own motion, instructs you, gentlemen of the jury, to consider this statement as an admission, and to disregard any thoughts that you might have as a result of this statement concerning insurance. The insurance has nothing to do with the case, and there has been no evidence of any insurance and it is not a part of this case."

It is to be noted that the only ground assigned to the objection to the question as to what the defendant has said was that it was a declaration against his own interest. This ground is without merit, and in fact furnishes a proper basis for the admission of the testimony, in so far as it tends to show an admission of fault on defendant's part, and a conscious attitude at that time toward the accident contrary to the contentions made in the trial. Strickland v. Davis, 221 Ala. 247, 128 So. 233.

In Smith v. Baggett, 218 Ala. 227, 118 So. 283, 285, the plaintiff testified that the defendant had said: "Let it stay over there and I'll see the insurance man; send him over there to look at it and then he would have it moved off and have it fixed."

In considering the admissibility of this evidence the court stated:

"It is unquestionably well settled that proof that a defendant had indemnity insurance is not admissible as an independent fact, but we have had cases where it is when collateral to other material facts or so associated with or interwoven as to be inseparable that it becomes admissible and can only be eradicated or neutralized as bearing upon the defendant's liability by a limitation upon the effect of the evidence.

"We are not prepared to hold that this evidence was improper."

If it be argued that the last part of defendant's alleged statement in this case pertaining to the insurance is separable from the first part constituting an admission against interest and clearly admissible, it is to be noted that the testimony as to the insurance was not invited through any fault of counsel. Further, the court, on overruling the motion of the insurance feature into the trial promptly, and we think sufficiently, admonished the jury that such evidence was not to be considered by them. All of the above we think clearly places the instant point within the influence of Pittman v. Calhoun, 233 Ala. 450, 172 So. 263, where under highly similar facts it was concluded that no injury of sufficiency to justify the motion for a mistrial, or the granting of the motion for a new trial resulted.

Assignment of error 1 will therefore not warrant a reversal.

The second assignment of error pertains to the action of the court in giving written charge number 1 at the plaintiff's request.

This charge is faulty, if at all, only in that it possesses misleading tendencies. It is not positively erroneous. No charges

explanatory of said given charge were requested by the defendant. Under such circumstances the alleged error is unavailing. Lassetter v. King, 33 Ala.App. 204, 31 So.2d 586; Birmingham Coca-Cola Bottling Co. v. Sellers, 34 Ala.App. 355, 39 So.2d 706; Grissom v. Dahart Ice Cream Co., 34 Ala.App. 282, 40 So.2d 333; Butler v. Walton, 36 Ala.App. 319, 56 So.2d 369.

Affirmed.