Arnold J. UHL, Appellant,

v.

ECHOLS TRANSFER COMPANY and Rufus Johnson, Appellees.

I. H. ESKRIDGE, Appellant,

v.

ECHOLS TRANSFER COMPANY and Rufus Johnson, Appellees.

No. 16075.

United States Court of Appeals
Fifth Circuit.

Nov. 27, 1956.

Francis H. Hare, Birmingham, Ala., Hare, Wynn & Newell, Birmingham, Ala., of counsel, for appellants.

James E. Clark, Birmingham, Ala., London & Yancey, Birmingham, Ala., of counsel, for appellee.

Before HUTCHESON, Chief Judge, and RIVES and BROWN, Circuit Judges.

HUTCHESON, Chief Judge.

Plaintiffs, appealing from judgments in their favor in suits for personal injuries, are here complaining: (1) that the verdicts were inadequate in law; (2) that, on the record, denials of their motions for new trial constituted an abuse of discretion; and (3) that there was reversible error in excluding, on defendants' objection, evidence offered by plaintiffs.

Recognizing the established rule to be that federal appellate courts will not inquire into the amount of a verdict to determine whether the award is excessive or inadequate in fact, but only whether it is so as matter of law, and that it is the general rule that the granting or refusal of a new trial is a matter resting in the discretion of the trial court, which is not subject to review except where that discretion is abused, plaintiffs, citing cases in support,[1] urge upon us: that the evidence furnishes no legal basis for the verdict; and that it is the duty of this court to reverse the judgment for errors.

Insisting that an analysis of the evidence shows conclusively that the verdict in each case was inadequate, not as matter of fact but as matter of law, and further that the reasons for its inadequacy are to be found, in the improper and inflammatory conduct of defendants' counsel, in inquiring about insurance and other irrelevant and prejudicial matters, in his equally improper and inflammatory argument to the jury, and in the trial court's rulings on evidence, plaintiffs are here urging several grounds of error.[2]

On their part, appellees urge upon us that the record fully supports the order[3]

1. Sunray Oil Corp. v. Allbritton, 5 Cir., 187 F.2d 475, 476; Id., 5 Cir., 188 F.2d 751; Legler v. Kennington-Saenger Theatres, Inc., 5 Cir., 172 F.2d 982; Whiteman v. Pitrie, 5 Cir., 220 F.2d 914; Indamer Corp. v. Crandon, 5 Cir., 217 F.2d 391; Miller v. Tennessee Gas Trans. Co., 5 Cir., 220 F.2d 434. Cf. Houston Coca Cola Bottling Co. v. Kelley, 5 Cir., 131 F.2d 627.

2. The trial court's actions: (1) in overruling the motion of plaintiffs for new trial; (2) in not setting aside the verdicts of its own motion because they were palpably wrong and unjust and produced by prejudice, resulting from misconduct on the part of defendants' trial counsel; (3) in excluding, upon the objection of defendants, an article in the Journal of the American Medical Association; (4) in not permitting plaintiff's physician to give his opinion upon whether his complaints of pain were genuine or simulated; (5) in sustaining the objection of the defendants to the question put to the plaintiff Uhl, "I want to ask you, please, Sir, to tell the jury, are you exaggerating in this case to get more money?"

3. "Order on Plaintiff's Motion for a New Trial.
"Plaintiff's motion for a new trial came on for hearing on Dec. 9, 1955. Oral arguments were heard on that day. The parties have also submitted briefs in support of and in opposition to said motion.
"Since the verdict in this case was for the movant, only such alleged errors are to be considered as may have affected the quantum of damages. Franklin v. Argyro, 211 Ala. 506, 100 So. 811; 5 C.J.S., Appeal and Error, § 1465, p. 94. Nor is movant in a position to complain in respect to the alleged erroneous refusal to direct a verdict in his favor.

denying plaintiffs' motions for new trial and the findings that the verdict was within, and not below, the range of the evidence as to damages, and that "it does not bespeak the fact that it was induced or affected by the alleged errors."

As to the misconduct of defendants' counsel in interrogating the witnesses and arguing to the jury, they insist: that most of the things said and done, of which appellants make so much, are mere trivia;[4] and that as to the remainder, if there was error as to any of them, it was rendered harmless by the action of the court in sustaining each objection made by appellants and directing the jury accordingly. Dallas Ry. & Terminal Co. v. Sullivan, 5 Cir., 108 F.2d 581, 582.

■ As to the objections to the exclusion of evidence, appellees, invoking the settled rule that dialectical perfection, metaphysical nicety, abstract inerrancy, are not expected or required of Federal trial courts, Maryland Cas. Co. v. Reid, 5 Cir., 76 F.2d 30 and Dallas Ry. & Terminal Co. v. Sullivan, supra, meet each complained of ruling with the reply that it was not erroneous and that, if it was, it was not prejudicial but harmless error. Community Natural Gas Co. v. Henley, 5 Cir., 54 F.2d 59, 61; Jennings v. United States, 5 Cir., 73 F.2d 470, 471.

Citing cases from the Supreme Court of Alabama and from this court,[5] they argue that the courts have never held, they do not hold: that militant advocacy is a transgression of proper trial rules; and that counsel may not be advocates in a jury trial; that, on the contrary, they flatly hold: that advocacy may be legitimately used to arouse sympathy for suffering and indignation for wrong; that, indeed, sometimes these are of the very essence of a proper trial, Cf. Maryland Cas. Co. v. Reid, supra; that what and all that has been said or meant to be said in them is that the arts of advocacy may not be illegitimately or falsely used.

■ Insisting that what was said and done by their counsel in the argument of this case was not in itself prejudicial error even if it had not been provoked by conduct of counsel for the appellants, they urge upon us the settled rule of law [6] that

---

The error, if any, was harmless. 5 C.J.S., Appeal and Error, § 1758, p. 1077, note 86, and 4 C.J. page 1023, note 41.

"With respect to the alleged error relating to argument of defendants' counsel, it is to be observed that the Court sustained opposing counsel's objections to the alleged improper remarks and excluded same from the consideration of the jury. There was no motion for a mistrial at any stage. In short, the Court granted in full the rulings invited by plaintiff's counsel. Woods v. United States, 5 Cir., 174 F. 651; Continental Cas. Co. v. Pouquette, 9 Cir., 28 F.2d 958, 108 A.L.R. 756. Since the amount of the verdict was within and not below the range of the evidence as to damages, the verdict does not bespeak the fact that it was affected by the alleged errors. The Court concludes that the adequacy of the verdict is sustained by the evidence. After careful consideration, the Court is of the opinion that plaintiff's motion should be overruled.

"It is, therefore, ordered, adjudged and decreed that the plaintiff's motion for a new trial be and the same hereby is overruled."

4. Such as saying of plaintiff's counsel, "He is a rich man and talks like one" and that he keeps jumping up, it must be hurting.

5. Hargett v. Rhoads, 37 Ala.App. 507, 70 So.2d 820; Hunt v. Ward, 262 Ala. 379, 79 So.2d 20; Ingalls Shipbuilding Corp. v. Trehern, 5 Cir., 155 F.2d 202; Alabama Great Southern Ry. Co. v. Gambrell, 262 Ala. 290, 78 So.2d 619; to which may be added Fidelity Phenix Fire Ins. Co. of New York v. Vallone, 5 Cir., 74 F.2d 137; Fidelity & Cas. Co. of New York v. Williams, 5 Cir., 198 F.2d 128.

6. In Fidelity Phenix Fire Ins. Co. of New York v. Vallone, 74 F.2d at page 138, the court said:

"The record showed that there was ground for concluding that there was such provocation. The trial court was in a better position to pass on that question than we are. The latitude allowable in argument to the jury is largely in the discretion of the trial court, and a judgment is not subject to reversal because of the overruling of an objection to a statement made in argument unless it clearly appears that the court's discretion was abused."

if the making of the statements was provoked by the conduct of counsel for the appellant, it would not have been error to overrule objections to it even if otherwise the objections would have been good. Insisting, too, that if a record of all of the arguments had been brought up, it would show that most, if not all of what was said was provoked by conduct of opposing counsel, they point to decisions holding that the burden is upon an appellant, who complains of improper argument, to preserve in the record and bring up all matters which might bear upon the errors assigned by it. Peresipka v. Elgin, Joliet & Eastern Ry. Co., 7 Cir., 217 F.2d 182, at page 186; Metropolitan Life Ins. Co. v. Banion, 10 Cir., 106 F.2d 561, at page 568; Morgan v. Sun Oil Co., 5 Cir., 109 F.2d 178.

Finally, insisting that it is crystal clear upon the record that no abuse of discretion, or failure of the court, resulting in a denial or miscarriage of justice has occurred, appellees, citing and quoting freely from Maryland Cas. Co. v. Reid, 76 F.2d at page 32, invoke as applicable here the principles there stated:

"  *   *   *   in a federal court at least, the conduct of jury trials is largely confided to the District Judge, who is expected to have and exercise trial skill of the highest order, and a wise and just discretion. His chief function, his primary object, is to keep the case within legal bounds by admonitions and rulings from its beginning to its end. He uses the rules of evidence as means, not ends, to elicit and confine the case to the best evidence available in order to bring the truth to light. Trained in the principles and problems of proof, knowing how to value the pertinent, to reject the impertinent, he uses other trial rules to ac-

complish the same end. Nor does his function as overseer, superintendent, and administrator of the trial end with its ending.

"At common law and by statute, the federal District Judge is charged with the duty of granting a new trial in a jury case where, in his opinion, it went unjustly and injuriously out of bounds.[3] This court, as to law cases, is a court of errors. We do not retry the case. We review the record made in it for reversible error, error by the judge, in conducting or failing to conduct the trial, which has, by permitting the case to get out of bounds, prejudiced the just result. In this review we are guided by the statute just quoted, note 3, supra. We do not reverse cases for insubstantial error. Abstract inerrancy is hardly possible in the trial of a case in the federal court; it is never an essential to a valid trial there. Jennings v. United States, 5 Cir., 73 F.2d 470; Community Natural Gas Co. v. Henley, 5 Cir., 54 F.2d 59. Too much is said and done about too little in the heat and hurry of a trial, for it all to be important. Things of no moment in their transpiring are not made momentous merely by making record of them. Therefore, though the District Judge is an administrator primarily charged with the just conduct of the trial, he may not ordinarily be put in error merely because an aberration from trial rules has occurred. It is the duty of counsel by objection to call such threatened or actual departure to the judge's attention, and invoke his corrective action, and, if overruled, to make it appear that prejudice has resulted.

"  *   *   *   On the other hand, a trial judge may never abdicate his func-

"3. Sec. 391, title 28 U.S.C.A. provides: 'All United States courts shall have power to grant new trials, in cases, where there has been a trial by jury, for reasons for which new trials have usually been granted in the courts of law. On the hearing of any appeal, certiorari, writ of error, or mo-

tion for a new trial, in any case, civil or criminal, the court shall give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties.' "

tion, or surrender to counsel the conduct of the trial. It is still his primary duty to oversee and conduct it. Because this is so, he may, and if he fails to, the appellate court may, though no objection is made and no exception taken, correct an error of abdication, which has resulted unjustly, by voiding the trial. But this will be done only in extreme cases, where the judge's error in permitting the trial to get out of bounds, instead of exercising his function to guide and control it, is of such transcendent influence on the course of the trial as that, though not excepted to, justice requires its being noticed and corrected."

It will serve no useful purpose for us to set out and analyze the evidence upon which appellants rely for their claim that the verdict was inadequate as matter of law. Neither will anything be gained by setting down and discussing seriatim the particular things said and done by appellees' counsel which appellants put forward as grounds for voiding the trial. As we understand appellants' position, it is not claimed that any one of them, except perhaps the reference to insurance, was sufficient in itself. Their position is that within the rule laid down and applied in Robinson v. Pennsylvania Ry. Co., 3 Cir., 214 F.2d 798; there was in this case, as there was there, an entire course of reprehensible conduct which, permitting the case to get out of bounds, weighted the scales against the plaintiffs and prejudiced a just result.

We do not think so. Examining the record for ourselves in the light thrown on it by the contentions and arguments of appellants and appellees and of the above stated principles which this court has done so much to establish and maintain, we find ourselves in full agreement with the appellees that the record does not show that at any point or in any particular the trial judge abused his discretion, abdicated his function, surrendered to counsel the conduct of the trial, or in any other way permitted prejudicial error to creep into, and prevent justice in the cause. Indeed, we find the trial free of reversible error. In respect of every substantial matter where the exercise of his judgment and discretion was invoked, the district judge acted correctly, promptly, and firmly, and if it might be said of any of the rulings that there was error, it was not substantial and prejudicial but harmless. This is particularly true as to the exclusionary rulings on evidence. If the Medical Journal article was admissible within the Alabama rule which admits *recognized medical works*,[7]—and since as far as we are advised the Alabama courts have not considered and passed upon the precise question here presented, we express no opinion,—its exclusion, in view of the testimony as a whole, including particularly the extended and detailed testimony of Dr. Conwell, was not, it could not have been prejudicial. Certainly there was no substantial error in rejecting the opinions of the doctor and the plaintiff called for by the other questions.

The claim that the defendants' counsel ineradicably prejudiced a just result in the case by his argument is without real substance. For not only is the record defective within the holding of the Peresipka and Morgan cases,[8] supra, but if the

---

7. Watkins v. Potts, 219 Ala. 427, 122 So. 416, 418, 65 A.L.R. 1101 and note, in which the Supreme Court of Alabama, following the rule obtaining there, held, contrary to the rule prevailing generally elsewhere, that Medical books which "are recognized and approved as standards * * * are admissible in evidence if applicable to the facts."

8. This is not to hold generally that it is necessary in every case for the record to contain all of the arguments of counsel

before prejudicial error can be predicated on any improper argument, but only that the appellant must bring up all matters which might *reasonably* bear upon the errors assigned. In cases where the courts have based their decisions on the failure of the record to contain all of the arguments, they have usually indicated what is true here, namely, that in the circumstances of the particular case the trial court might reasonably have concluded that the argu-

objected to arguments went beyond the limits of tolerance, the record shows that the district judge unfailingly sustained the objections and requests of plaintiffs' counsel with regard thereto, and that, apparently satisfied with the rulings, the plaintiffs made no motion for a mistrial or further effort to secure more binding instructions.

 This is, of course, not to say that a motion for mistrial, or even an objection to the arguments, is requisite to relief from arguments where their prejudice is ineradicable. Maryland Cas. Co. v. Reid, supra, Pearson v. Birmingham Transit Co., 264 Ala. 350, 87 So.2d 857, at page 859. It is to say, though, that a party who has obtained a favorable ruling on his objections may not, as here, speculate on the result of a trial and then claim reversal on the ground that the argument was improper, unless it plainly appears that its results were ineradicable and that the district judge abused his discretion in refusing a new trial on this ground.

In Alabama G. S. Ry. Co. v. Carroll, 5 Cir., 84 F. 772, 784, this court early thus stated the *general rule* with respect to arguments as reversible error:

"We understand the general rule to be that the remarks of counsel to the jury on the merits, to constitute reversible error, must be objected to at the time, be unwarranted by the pleadings and evidence, have a tendency to mislead or prejudice the jury, and be to more or less extent approved by the trial judge." (Emphasis supplied.)

In Maryland Casualty Co. v. Reid, supra, this court, reaffirming the general rule, made it entirely clear that where the

argument constituted prejudicial error of an ineradicable kind, the trial court had the power and duty to correct the error before or after verdict, and that if it failed to do so, this court could and would reverse for its error in so failing.

When it comes to the final assaying of the substance and effect of the evidence, a matter which under the genius of our institutions is primarily for the trial court we are convinced that his refusal of the motion for new trial for the reasons that he gave was not an abuse but the correct use of his discretion. Indeed, we think that to have held otherwise than he did would have constituted an invasion of the province of the jury with respect to matters which the law leaves exclusively to it.

The judgment is not affected with prejudicial error. It is affirmed.

ment attacked was a proper or permissible reply to opposing counsel. For example see Peresipka v. Elgin, Joliet & Eastern Railway Co., 7 Cir., 217 F.2d 182, 186; Morgan v. Sun Oil Co., 5 Cir., 109 F.2d 178, 181; Metropolitan Life Ins. Co. v. Banion, 10 Cir., 106 F.2d 561, 568; United States v. Dilliard, 2 Cir., 101 F.2d 829, 837; Vause v. United States, 2 Cir., 53 F.2d 346, 354; Murphy v. United States, 8 Cir., 39 F.2d 412, 414; Hoffman v. United States, 8 Cir., 20 F.2d 328, 329; Christensen v. United States, 9 Cir., 16 F.2d 29, 31. We think it important that the present holding be expressly so limited because it may often be impossible in future cases to reproduce all of the oral arguments in the record, in view of the common practice of not taking them down in shorthand.