Charles **PADRON**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 16591.

United States Court of Appeals
Fifth Circuit.

April 29, 1958.

Malcolm R. Wilkey, William B. Butler, U. S. Attys., Houston, Tex., Brian S. Odem, Asst. U. S. Atty., Brownsville, Tex., for appellee.

Before HUTCHESON, Chief Judge, and BROWN and WISDOM, Circuit Judges.

HUTCHESON, Chief Judge.

Tried with others on an indictment charging in count one a conspiracy in regard to marihuana, in violation of Sec. 371, Title 18 U.S.C., and in the other counts substantive violations of the customs, and other laws in regard to marihuana, and convicted on the conspiracy count and on substantive counts two, four, and five, charging violations of Sec. 545, Title 18, U.S.C., defendant was sentenced to five years on count one and five years on counts 2, 4 and 5, this sentence to be served consecutively with the sentence on count one, making a total of ten years to serve.

Here, complaining in a well prepared and argued brief of the judgment entered on the verdict, defendant, putting forward six specifications of error and arguing each with clarity, brevity and vigor, urges upon us that the judgment may not stand.

On its part appellee, answering each specification in turn, opposes them all as without merit, indeed without substance.

For the reasons hereafter stated as to each, we are of the opinion that none of the specifications presents prejudicial and reversible error and that the judgment should be affirmed.

In support of his first specification of error:

"In causing Padron to stand trial with Gloria Chavez after having granted Padron's motion for the severance from her, all to Padron's prejudice and to the confusion of the jury as to whom it was trying."

appellant points to the grounds stated in his motion for severance, which motion was sustained by the court, to-wit: that

Frank W. Oliver, Chicago, Ill., for appellant.

there were conflicts of interest between him and Gloria, that she actually intended to be a government witness under the guise of a plea of not guilty; and that there was animosity between her and her husband, Emilo Chavez, another of Padron's co-defendants. Insisting that he was deprived of the benefits of the order granting his motion for severance when the court made an arrangement with her counsel, which was not known to Padron's counsel until later in the trial when he moved for a mistrial, that Gloria would be tried by the court at the same time that Padron was being tried by the jury, he urges upon us that his motion for a mistrial made on this ground should have been granted.

If we could agree with appellant that the procedure adopted by the court resulted in prejudicing appellant's defense, we should, of course, agree that his motion for mistrial should have been granted. A careful study of appellant's brief, however, with a search of the record fails to show any prejudice to appellant from the procedure adopted by the court. We agree with the conclusion of the district judge when, in denying the motion for mistrial, he stated: "I do not think any harm has come from Mr. Hall's (Gloria Chavez's attorney) participation here, and he has only asked one question, I believe, and made one or two objections. I overrule the motion."

■ We think appellant stands no better in respect of his specification of error No. 2:

"The court erred in declining to grant defendant's motion to produce the notes of Customs Inspector Latimer."

This claim of error, purportedly based on Montgomery v. United States, 5 Cir., 203 F.2d 887; Indiviglio v. United States, 5 Cir., 77 S.Ct. 1007, 1 L.Ed.2d 1103, 249 F.2d 549, and Jencks v. United States, 353 U.S. 657, is not, we think, made out on the record.[1]

It seems clear to us as it did to the district judge, that his ruling was not erroneous. Moreover, if there was error, it was entirely harmless as there was no dispute about the number or the identification of the seized car.

■ In arguing his specification No. 3:

"There was a total lack of evidence as to appellant as to counts 4 and 5 of the indictment."

appellant meets the insurmountable difficulty, that if the theory of the government testified to directly by some of its witnesses and bulwarked by circumstances in support, was accepted by the jury, as it evidently was, there was abundant evidence to support the verdict on these counts. We think the appellant argues the case in too great disregard of the

1. The matter arose and proceeded thus. While Inspector Latimer was on the stand, he was asked for the number of the Studebaker car that he seized. Thereupon the court inquiring, "Do you have any notation anywhere of those numbers, Mr. Latimer?", and Latimer answering, "Only in the case report." which he had made up, the court asked, "Can you refresh your recollection from the report and give us the license number?" and answering, "Yes, Sir", the witness, having refreshed his memory, gave the number as Illinois License No. 1570573. No objection was made to the witness thus refreshing his memory.

On cross-examination, however, this occurred. Counsel for appellant asked the witness, "Well in this case, aren't you charged with the responsibility of getting the evidence together and getting the witnesses together and investigating it? Don't you have a primary responsibility in this respect?" and the witness answered, "I suppose so, Sir." Counsel then asked, "Let me see Mr. Latimer's notes, if you please." and the United States Attorney objecting, the witness stated "This is the official file. It is the report of progress to the United States Attorney. It is not an official communication, not my notes."

Thereupon, Mr. Oliver stating, "That is what you used to refresh your recollection?" the court interpolating, "On that license number?" and the witness answering, "Yes, Sir", Oliver again asked to see the notes and the court sustained the objection.

pattern made by the direct and circumstantial evidence which, if believed, ties the happenings and events together into a seamless web and points inescapably to the conclusion that the trial of the serpent, in this case Padron, as the money man and master mind, was over it all.

■ Specification of Error No. 4:

"The court erroneously permitted the government to inquire of the appellant as to other alleged offenses."

is, we think, based upon a misconception both of fact and of law. The misconception of fact is that the inquiry was made for the purpose of establishing possession by appellant of marihuana as an independent fact, whereas the purpose of the inquiry was merely to show that the felony offense, of which on his direct examination he had admitted he had been convicted, was an offense concerning marihuana. The misconception of law is that inquiry on cross-examination, as to whether he had been convicted of such an offense, was not permissible. In addition, when the record concerning this matter is considered and understood, no possible prejudice could have resulted from it since the matter began with defendant's own testimony on direct, that he had been convicted of a felony in the Federal Court in Illinois, and was concluded with the permissible answer which the district attorney had been seeking all along, that that conviction was for possession of marihuana, a similar offense to that for which he was on trial.

■■ In support of his Fifth Specification:

"The defendant was denied a fair trial by reason of the prejudicial and unfair conduct of the prosecutor."

defendant sets out brief extracts from the closing argument.

We think the record, which contains a full report of all the arguments as well as of the objections and rulings made in respect thereof, will not bear this out. Cf. Uhl v. Echols Transfer Co., 5 Cir., 238 F.2d 760. In the first place,

the defendant did not think enough of the matters now made so much of to make objection to them while they were transpiring, except that in one case, where the court had already directed the prosecutor not to continue with the argument and the jury not to consider it, counsel belatedly joined in. In the second place, the district judge of his own motion kept watch and ward on the arguments to keep them within proper bounds and in every instance, of which complaint is now made, he directed the district attorney not to continue the argument, the jury not to take it into consideration. But over and above all of this, the arguments complained of are not subject to the attacks made upon them. Made in large part as a reply to the attacks of counsel for the defendant upon, and his belittling of the government's chief witness, they were to a large extent invited and to the extent, if any, that they went beyond this, they did not so transcend the bounds of legitimate argument as to constitute reversible error. Appellant's reliance here upon Steele v. United States, 5 Cir., 222 F.2d 628 and United States v. Tomaiolo, 2 Cir., 249 F.2d 683, will not at all do.

■ Of appellant's specification No. 6:

"The court erroneously charged the jury that it might find the defendants guilty of conspiracy on the basis of a set of facts as to which there was no evidence."

it is sufficient to say that the objection, as required by the rules, does not make clear and specific the precise language of the charge objected to nor the specific reasons for the objection. Neither does the argument in the brief set out the precise language. On the contrary, it merely refers to the charge of the court on pages 577 to 579 of the Record. We do not find the objection made to the charge adequate to call the court's attention to the error claimed. If, however, the objection be considered sufficient, we do not find in the record any basis for the claim of error this specification asserts.

■ Finally, appellant quite ineffectually, we think, argues that if no particular error claimed is sufficient in itself to justify reversal, the body of the claims as a whole adds up to a continued and persistent invasion of his right to a fair trial, and, upon an overall view of the record as a whole, the case should be reversed and the cause remanded.

We cannot agree to this. On the contrary, we are of the opinion that the court painstakingly endeavored to and did conduct the trial intelligently, fairly, and impartially, and that such aberrations, if any, as there were from ordinary trial practice, and such imperfections, if any, as may have appeared, were on this record wholly insubstantial and without prejudice to defendant.

The judgment was right. It is affirmed.